**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE TRACHT GUT, LLC,

*Debtor*,

TRACHT GUT, LLC,

*Appellant*,

v.

LOS ANGELES COUNTY
TREASURER & TAX COLLECTOR;
DAVID HAGHNAZARZADEH;
YURY VOLODINSKY,

*Appellees.*

No. 14-60007

BAP No.
13-1229

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Dunn, and Taylor, Bankruptcy Judges, Presiding

Submitted February 11, 2016[*]
Pasadena, California

Filed September 8, 2016

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: Jerome Farris, Richard R. Clifton,
and Carlos T. Bea, Circuit Judges.

Opinion by Judge Clifton

**SUMMARY**[**]

**Bankruptcy**

The panel affirmed the Bankruptcy Appellate Panel's affirmance of the bankruptcy court's dismissal, without leave to amend, of an adversary complaint brought by a Chapter 11 debtor against the Los Angeles County Treasurer and Tax Collector and the purchasers of two properties of the debtor.

The debtor alleged that the County's tax sales of the properties for prices that were too low were fraudulent transfers voidable under 11 U.S.C. § 548(a). The panel held that due to procedural safeguards in place for California tax sales, the price received at a California tax sale conducted in accordance with state law conclusively establishes "reasonably equivalent value" for purposes of § 548(a). Accordingly, the sales of the debtor's properties were not voidable.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

William H. Brownstein, William H. Brownstein & Associates, Santa Monica, California, for Appellant.

Barry S. Glaser and Susan M. Freedman, Steckbauer Weinhart LLP, Los Angeles, California, for Appellee Los Angeles County Treasurer.

Michael E. Schwimer, Schwimer Weinstein LLP, Santa Monica, California, for Appellees David Haghnazarzadeh and Yury Volodinsky.

**OPINION**

CLIFTON, Circuit Judge:

The Yiddish phrase "Tracht gut, vet zein gut!" translates to "Think good, and it will be good!" Alas, such was not the case for debtor Plaintiff-Appellant Tracht Gut, LLC. Tracht Gut acquired two separate properties in Los Angeles County. Real property taxes were owing on both properties, as the taxes had not been paid on either of the properties for years. The County Treasurer and Tax Collector subsequently conducted tax sales of the properties under California law. A short time later, Tracht Gut filed for bankruptcy relief under Chapter 11. Tracht Gut filed an adversary complaint against the County Treasurer and the purchasers of the two properties, alleging that because the County sold the properties for a price that was too low, the tax sales were fraudulent transfers voidable under 11 U.S.C. § 548(a). The bankruptcy court dismissed the complaint with prejudice.

The Ninth Circuit Bankruptcy Appellate Panel affirmed. *In re Tracht Gut LLC*, 503 B.R. 804 (9th Cir. BAP 2014).

The central issue is whether the BAP properly extended the rule in *BFP v. Resolution Trust Corp.*, 511 U.S. 531 (1994) to California tax sales. In *BFP*, the Supreme Court held that the price received at a mortgage foreclosure sale "conclusively satisfies" the Bankruptcy Code's requirement that transfers of an insolvent debtor's property be in exchange for a "reasonably equivalent value," so long as the mortgagee complied with the relevant foreclosure laws of the state in question, which in that case was also California. *Id.* at 533, 545. Because California tax sales have the same procedural safeguards as the California mortgage foreclosure sale at issue in *BFP*, we agree with the BAP and hold that the price received at a California tax sale conducted in accordance with state law conclusively establishes "reasonably equivalent value" for purposes of 11 U.S.C. § 548(a). We affirm.

## I.  Background

This appeal concerns two properties, described as the "Hatteras Property" and the "San Fernando Property." On April 9, 2012, Tracht Gut purchased the Hatteras Property from E.R. Financial Services & Development, Inc., NH Simpson Partnership, OF General Partnership, and EM Partnership for $60,000.00, subject to three deeds of trust. On that same day, E.R. Financial conveyed the San Fernando Property to Tracht Gut for "valuable consideration."

Real property taxes had not been paid on either property since 2008. Both properties were thus "tax defaulted" under California state law, and subject to the County's power to sell. On August 31, 2012, the County served a Notice of

Auction for a tax sale for each of the properties on all interested parties. On October 22, 2012, the County Treasurer sold both properties at public auction. Defendant-Appellee David Haghnazarzadeh purchased the Hatteras Property for $300,000.00, and Defendant-Appellee Yury Volodinsky purchased the San Fernando Property for approximately $100,000.00.

Tracht Gut filed for bankruptcy protection under Chapter 11 on November 27, 2012, just over a month after the tax sales of the two properties. On December 11, 2012, Tracht Gut filed its Schedule A, in which it asserted:

> A disputed tax sale occurred on or about October 21, 2012. The sales price was far less than the market value of this property. Debtor attempted to pay the taxes in full, which the [County] refused to take. As of the date of this petition, no Tax Deed has been recorded and Debtor disputes the validity of the transfer as an avoidable transfer.

The next day, Tracht Gut commenced the adversary proceeding that is the subject of this appeal.[1] Tracht Gut's adversary complaint asserted five claims: (1) that the sales were fraudulent transfers under 11 U.S.C. §§ 548 and 549 and California Civil Code § 3275; (2) for declaratory relief; (3) for an injunction; (4) for unjust enrichment; and (5) for violation of the automatic stay of all actions proceeding

---

[1] One day after that, on December 13, 2012, the County recorded the tax deeds transferring title of the two properties to Haghnazarzadeh and Volodinsky.

against Tracht Gut at the time of the bankruptcy filing pursuant to 11 U.S.C. § 362.

The County moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012.  It argued that Tracht Gut had failed to allege any facts in its complaint to support the granting of relief on any of its claims.  Indeed, Tracht Gut's complaint contained only an allegation that the tax sales had been conducted and a list of claims for relief, without the allegation of any other facts to support the claims.  The County also argued that the properties should be conclusively presumed to have been transferred for reasonably equivalent value, insofar as they were sold at a regularly scheduled tax sale with competitive bidding procedures, all in compliance with applicable state law.

The bankruptcy court entered an order dismissing the complaint with prejudice and without leave to amend on March 13, 2013, concluding that Tracht Gut had not properly alleged a cause of action under 11 U.S.C. §§ 548, 549, or 362, and that it would not be possible to amend the complaint to state a viable cause of action.  Thereafter, Tracht Gut filed a motion for reconsideration, with an attached proposed First Amended Complaint.  The proposed First Amended Complaint contained further allegations about the purported market value of the two properties and the resulting loss of equity following the tax sales in support of its 11 U.S.C. § 548 fraudulent transfer claim.  The bankruptcy court denied Tracht Gut's motion for reconsideration on May 7, 2013, concluding that the proposed First Amended Complaint was still not viable.  The bankruptcy court added that Tracht Gut's tardiness in presenting more specific factual allegations to support its claim "was purposeful and a delaying tactic."

Tracht Gut appealed both the bankruptcy court's dismissal order and its order denying reconsideration to the BAP, which affirmed. *In re Tracht Gut LLC*, 503 B.R. 804 (9th Cir. BAP 2014). The BAP held that Tracht Gut failed to state a claim in its original complaint, and that the bankruptcy court had the discretion to deny leave to amend because amendment would have been futile. *Id*. at 810–18. The BAP relied on the Supreme Court's opinion in *BFP. Id.* at 815–18. Although the Supreme Court expressly limited its holding in *BFP* to mortgage foreclosures, 511 U.S. at 537 n.3, the BAP concluded that the reasoning underpinning the Court's holding in *BFP* also applied to tax sales under California law. *In re Tracht Gut*, 503 B.R. at 815–18.

## II. Discussion

This court reviews the decisions of the BAP de novo and applies the standard of review applied by the BAP to the decisions of the bankruptcy court. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010). The BAP reviews a bankruptcy court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). A dismissal granted without leave to amend and with prejudice is reviewed for abuse of discretion. *Id.* Denial of a motion for reconsideration under Federal Rule of Civil Procedure 60(b)(1) is also reviewed for abuse of discretion. *Morris v. Peralta (In re Peralta)*, 317 B.R. 381, 385 (9th Cir. BAP 2004).

### A. Motion to Dismiss

A motion to dismiss in an adversary bankruptcy proceeding is governed by Federal Rule of Bankruptcy

Procedure 7012(b), which incorporates Federal Rule of Civil Procedure 12(b)–(i). *Agarwal v. Pomona Valley Medical Group, Inc.* (*In re Pomona Valley Med. Grp., Inc.*), 476 F.3d 665, 671–72 (9th Cir. 2007). At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067–68 (9th Cir. 2011). However, the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). To survive a motion to dismiss, a plaintiff must aver in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A dismissal under Rule 12(b)(6) may therefore be based on either the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

The bankruptcy court correctly dismissed Tracht Gut's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012. Tracht Gut's adversary complaint contained no statement of facts. After establishing jurisdiction and venue, Tracht Gut simply listed its five claims for relief. Tracht Gut's first claim for relief asserted that the tax sales were avoidable fraudulent transfers under 11 U.S.C. §§ 548–49, as well as under California Civil Code § 3275. Tracht Gut failed to allege any specific facts that would support an inference that the tax sales were avoidable fraudulent transfers either under the Bankruptcy Code or under California state law. Instead, Tracht Gut merely recited

the elements of a fraudulent transfer as they appear in 11 U.S.C. § 548. Simply put, Tracht Gut's fraudulent transfer claim contained only a "[t]hreadbare recital[] of the elements of a cause of action," making dismissal proper. *Iqbal*, 556 U.S. at 678.

Tracht Gut's second and third claims were generalized prayers for declaratory and injunctive relief, respectively, and did not contain a cognizable legal theory or a factual basis supporting such a theory. *See Johnson*, 534 F.3d at 1121. Tracht Gut's fourth claim, unjust enrichment, and fifth claim, violation of 11 U.S.C. § 362, were also both devoid of any factual matter in support of their allegations. Because Tracht Gut failed to state a cognizable claim for relief supported by facts to establish the plausibility of such a claim, the bankruptcy court's dismissal of Tracht Gut's complaint was proper.

### B. Leave to Amend

The primary issue is whether the bankruptcy court abused its discretion in dismissing Tracht Gut's complaint without first granting Tracht Gut leave to amend. A party may amend its complaint within twenty-one days of service, or within twenty-one days of service of a responsive pleading or a motion brought under Federal Rule of Civil Procedure 12(b), (e), or (f). Fed. R. Civ. P. 15(a). Otherwise, a party may only amend its complaint with written consent from the opposing party or with leave from the court, which the court should freely give when justice so requires. *Id.* Tracht Gut did not seek leave to amend its complaint within twenty-one days of service of Defendants' Rule 12(b)(6) motion, making leave to amend discretionary.

In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court set forth the following standard regarding motions for leave to amend:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment etc. – the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.* at 182. We have held that trial courts should determine whether to allow leave to amend by ascertaining the presence of four factors: bad faith, undue delay, prejudice to the opposing party, and futility. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Here, the bankruptcy court denied leave to amend because it determined that amendment would be futile and because it concluded that

Tracht Gut had unduly delayed in presenting specific factual allegations in support of its fraudulent transfer claim.**[2]**

As noted above, in *BFP v. Resolution Trust Corp.*, 511 U.S. 531 (1994), the Supreme Court held that a prepetition mortgage foreclosure sale conducted in accordance with state law conclusively established that the price obtained at that sale was for reasonably equivalent value. Under 11 U.S.C. § 548(a), a transfer of a debtor's property made within two years of the filing of the petition can be avoided if, among other conditions, "less than a reasonably equivalent value" was received in exchange. The Court's holding that the amount received through a mortgage foreclosure sale constituted "reasonably equivalent value" meant that the transaction was not subject to being found fraudulent under that provision.

In its opinion in *BFP*, however, the Court expressly limited that holding to mortgage foreclosures of real estate. "The considerations bearing upon other foreclosures and forced sales (to satisfy tax liens, for example) may be different." *BFP*, 511 U.S. at 537 n.3.

The BAP held that the Court's holding in *BFP* should also apply to tax sales conducted in accordance with California law. *In re Tracht Gut*, 503 B.R. at 817. As a result, it agreed with the bankruptcy court that amendment would have been futile because the County's legally conducted tax sales of the

---

**[2]** In its order dismissing the complaint without leave to amend, the bankruptcy court discussed only the futility of amendment. In the bankruptcy court's order denying Tracht Gut's motion for reconsideration, the court also discussed Tracht Gut's undue delay in moving for leave to amend.

two subject properties could not constitute fraudulent transfers under 11 U.S.C. § 548. *Id.* at 818. We agree as well. The conclusive rule regarding mortgage foreclosures established by *BFP* should also apply to tax sales in California, because the rationale and policy considerations behind the Court's holding in *BFP* are just as relevant in the California tax sale context.

Responding to the argument that the sales price of a property resulting from a foreclosure sale was too low when compared to fair market value, the Court explained in *BFP* that "market value, as it is commonly understood, has no applicability in the forced-sale context" and that "[market value] is the very *antithesis* of forced-sale value." *BFP*, 511 U.S. at 537. The Court then explained that because state law allows the forced sales of real estate, property sold at such sales is "simply *worth less*" than property "sold at leisure and pursuant to normal marketing techniques." *Id.* at 539. Thus, the lower price obtained at a foreclosure sale, when compared to a fair market valuation, is a result of the mechanism of forced sales, rather than a "badge of fraud" under the law of fraudulent transfers. *Id.* at 542–43. "Absent a clear statutory requirement to the contrary, we must assume the validity of this state-law regulatory background and take due account of its effect." *Id.* at 539. The Court reasoned that if debtors were able to avoid mortgage foreclosures under federal bankruptcy law simply because the property was sold for below market value at the foreclosure sale, the state regulatory regime in which creditors can conduct forced sales on foreclosed property would be frustrated. *See id.* at 537–39.

The Court's rationale also applies to tax sales. As stated by the BAP, "federal courts should pay considerable

deference to state law on matters relating to real estate." *In re Tracht Gut*, 503 B.R. at 816. Like mortgage foreclosures, tax foreclosure sales conducted by state and local governments are governed by state law.

The same procedural safeguards under California law that led the Supreme Court to conclude that mortgage foreclosures would yield reasonably equivalent value are also required in California for tax sales. "Foreclosure laws typically require notice to the defaulting borrower, a substantial lead time before the commencement of foreclosure proceedings, publication of a notice of sale, and strict adherence to prescribed bidding rules and auction procedures." *BFP*, 511 U.S. at 542.

Pursuant to Cal. Rev. & Tax Code § 3691(a)(1)(A), the tax collector has the power to sell tax-defaulted property that has not been redeemed after the property has been in default for three years for commercial real estate, and five years for residential real estate. *Id.* This three- or five-year period provides a "substantial lead time," one of the factors identified as an important safeguard in *BFP*. 511 U.S. at 542.

In addition, when a property becomes available for tax sale, the tax collector must file notice with the county clerk, and that notice is recorded. Cal. Rev. & Tax Code §§ 3691.1, 3691.2, 3691.4. The tax collector is also required to send notice of the tax sale to all interested parties between 45 and 120 days before the proposed sale. Cal. Rev. & Tax Code § 3701. Notice must also be sent to the defaulting party, Cal. Rev. & Tax Code § 3691(a)(3)(A), and be published in a newspaper of general circulation weekly for three weeks, Cal. Rev. & Tax Code § 3702. The notice must contain: (a) date, time, and place of the sale; (b) location of publicly available

computer workstations if the sale allows internet bids; (c) description of the property; (d) name of the last assessee of the property; (e) minimum bid; (f) statement that the right of redemption terminates the day before the sale; (g) statement that parties of interest have the right to file claims for any sale proceeds in excess of liens and costs; (h) statement that parties will be notified of any excess proceeds; (i) date, time, and place of subsequent sale if property remains unsold after present sale; (j) amount of deposit required to submit bids on the property, if so required; (k) statement that if property is purchased by a credit bid, the right of redemption will revive if full payment is not made by a specified date. Cal. Rev. & Tax Code § 3704. Tax sales conducted in accordance with these requirements provide notice comparable to that required under the foreclosure laws at issue in *BFP*. *See* 511 U.S. at 542.

Finally, Cal. Rev. & Tax Code § 3693 requires that all tax sales shall be at public auction to the highest bidder. "Any person, regardless of any prior or existing lien on, claim to, or interest in, the property, may purchase at the sale." Cal. Rev. & Tax Code § 3691(a)(1)(A). After a tax sale, the tax collector is required to execute a deed to the purchaser for the property. Cal. Rev. & Tax Code § 3708. The tax deed is "conclusive evidence of the regularity of all proceedings from the assessment of the assessor to the execution of the deed." Cal. Rev. & Tax Code § 3711. The conclusive nature of the tax deed establishes that tax sales in California are conducted with "strict adherence to prescribed bidding rules and auction procedures." *BFP*, 511 U.S. at 542.

This Court has extended *BFP* beyond the context of mortgage foreclosures before. In *Batlan v. Bledsoe (In re Bledsoe)*, 569 F.3d 1106 (9th Cir. 2009), Jennifer Bledsoe

had recently divorced her ex-husband, Ryan Bledsoe. *Id.* at 1108. A state court awarded nearly all of the couple's marital property to Ryan, citing Jennifer's misconduct in the divorce proceedings. *Id.* When Jennifer later filed for bankruptcy under Chapter 11, her trustee brought an adversary proceeding against Ryan, seeking to avoid the property transfers required by the dissolution judgment. *Id.* Because the judgment was "inequitable," the trustee argued, the property transfers it required were for less than "reasonably equivalent value," and hence were constructively fraudulent under § 548. *Id.* at 1108 & n. 1. The bankruptcy court disagreed and granted summary judgment in favor of Ryan. The district court affirmed, and the trustee appealed. *Id.*

This Court affirmed. It held that under *BFP*, "a state court's dissolution judgment, following a regularly conducted contested proceeding, conclusively establishes 'reasonably equivalent value' for the purpose of § 548, in the absence of actual fraud." *Id.* at 1112. This was because "[t]he state's traditional interest in the regulation of marriage and divorce is at least as powerful as its traditional interest in regulating sales of real property," and "[a]voiding transfers made pursuant to a state-court dissolution judgment would seriously impinge on that traditional state interest." *Id.* If the distribution of marital property following the dissolution of a marriage is similar enough to state-law mortgage foreclosure to warrant the extension of *BFP*, then surely so is a state-law tax sale.

We also note that the Fifth and Tenth Circuits have explicitly extended *BFP* to tax sales. *See T.F. Stone Co. v. Harper* (*In re T.F. Stone Co.*), 72 F.3d 466, 472 (5th Cir. 1995) (holding that under *BFP*, a tax sale done in accordance with state law satisfied 11 U.S.C. § 549's "present fair

equivalent value" requirement, which the court read as mirroring § 548's "reasonably equivalent value" requirement); *Kojima v. Grandote Int'l Ltd. Liab. Co.* (*In re Grandote Country Club, Ltd.*), 252 F.3d 1146, 1152 (10th Cir. 2001) (holding that *BFP* applies to tax sales challenged under a state fraudulent transfer law, so long as state law requires competitive bidding procedures).[3]

Although certain bankruptcy courts have declined to extend *BFP* to prepetition tax sales, that was because of identified deficiencies in the tax sale procedures of the states in question. *See, e.g.*, *Berley Assocs. v. Eckert* (*In re Berley Assocs.*), 492 B.R. 433, 440–41 (Bankr. D. N.J. 2013) (holding that *BFP* does not apply to prepetition tax sales in New Jersey because such sales do not require competitive bidding or advertising); *Herkimer Forest Prod. Corp. v. Cnty. of Clinton* (*In re Herkimer Forest Prod. Corp.*), Bankr. No. 04-13978, Adv. No. 04-90148, 2005 WL 6237559, at *3–4 (Bankr. N.D.N.Y. July 26, 2005) (memorandum disposition) (holding that *BFP* does not apply to prepetition tax sales, noting the absence of public sale and competitive bidding safeguards).

Because the policy of deferring to state law on matters of real estate applies as much to tax sales as to mortgage foreclosures, and because tax sales in California contain the procedural safeguards that apply to mortgage foreclosures, a tax sale conducted in accordance with California state law conclusively establishes that the price received at the tax sale was for reasonably equivalent value. That means that the sale

---

[3] While *T.F. Stone* concerned a post-petition tax sale, *Grandote Country Club*, like this case, dealt with a prepetition tax sale.

did not represent a fraudulent transfer under 11 U.S.C. § 548(a).

In this case, Tracht Gut's proposed First Amended Complaint did not allege any procedural defects with either of the tax sales and instead alleged only that the sales price was too low in each instance. In light of the presumption that the price received at the tax sale was for reasonably equivalent value absent procedural irregularity, amendment would have been futile. The bankruptcy court's denial of leave to amend was not an abuse of discretion.[4]

## C. Motion for Reconsideration

Tracht Gut also appeals the bankruptcy court's denial of its motion for reconsideration under Federal Rule of Civil Procedure 60(b), which provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for," among other things, "mistake, inadvertence, surprise, or excusable neglect." In its moving papers, Tracht Gut argued that excusable neglect should serve as a basis for reconsideration. Tracht Gut failed, however, to identify any instance of neglect that was excusable, let alone explain how excusing its neglect would have produced any different result in light of the futility of Tracht Gut's proposed amended complaint.

---

[4] Although we need not decide whether Tracht Gut's undue delay in seeking amendment afforded the bankruptcy court the discretion to deny leave to amend, we note that undue delay alone cannot serve as the basis for the denial of leave to amend. *See, e.g.*, *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("[D]elay is not a dispositive factor in the amendment analysis.").

## III.    Conclusion

A tax sale conducted in accordance with California law conclusively establishes that the price obtained at that sale was for reasonably equivalent value, just as the California mortgage foreclosure sale did in *BFP*. Tracht Gut's initial complaint was properly dismissed because it did not allege facts sufficient to support a plausible claim of fraudulent transfer. Leave to amend was properly denied because Tracht Gut's proposed amendment would have been futile. The proposed amended complaint alleged only that the tax sales resulted in prices that were too low in comparison with fair market value and did not allege that the tax sales were not properly conducted under California law. Because it was conclusively established that reasonably equivalent value was obtained for the properties sold at the tax sales, those sales could not have been fraudulent transfers under 11 U.S.C. § 548(a).

**AFFIRMED.**