**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



In re: VALLEY HEALTH SYSTEM, a California Local Health Care District,

Debtor,

_____

PEGGY KIRTON; DIANA AGNELLO,

Appellants,

v.

VALLEY HEALTH SYSTEM; VALLEY HEALTH SYSTEM RETIREMENT PLAN; JOEL BERGENFELD, Trustee of the Valley Health System Retirement Plan; VINAY M. RAO, Trustee of the Valley Health System Retirement Plan; MICHELE BIRD, Trustee of the Valley Health System Retirement Plan; METROPOLITAN LIFE INSURANCE COMPANY,

Appellees.

No. 15-60023

BAP No. 11-1100

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pappas, Dunn, and Taylor, Bankruptcy Judges, Presiding

Submitted September 1, 2017[**]
Pasadena, California

Before:  WARDLAW and BYBEE, Circuit Judges, and BARTLE,[***] District Judge.

Peggy Kirton and Diana Agnello are former employees of the Debtor, Valley Health System ("VHS").  They appeal the Bankruptcy Appellate Panel's February 25, 2015 decision affirming dismissal of their petition.  Our review is de novo.  *See In re Tracht Gut LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

As former VHS employees, Kirton and Agnello are participants in the VHS Retirement Plan.  After VHS declared bankruptcy, the bankruptcy court established the proof of claims bar date as August 25, 2008.  The court then confirmed an adjustment plan on April 26, 2010 limiting participants such as Kirton and Agnello to the monies already in the Retirement Plan.  Kirton and Agnello, who at all times had proper notice, neither filed a proof of claim by the claims bar date nor objected to the adjustment plan.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Harvey Bartle III, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

A creditor may not contest a plan if the creditor failed to object to the plan's proposal or confirmation. *See Miller v. United States*, 363 F.3d 999, 1004 (9th Cir. 2004). Kirton and Agnello's petition clearly asserts pre-petition claims, which are precluded by the claims bar date and discharged by the adjustment plan. Thus, the bankruptcy court did not err in dismissing their petition.

Courts should "freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2),[1] but should deny leave where the amendment would be futile, *see Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion to amend should be denied if it is clear the amended pleading would not rectify the failure to state a claim. *See Kelson v. City of Springfield*, 767 F.2d 651, 656 (9th Cir. 1985). In light of the foregoing, the bankruptcy court did not err in dismissing Kirton and Agnello's petition without leave to amend.

We have considered appellants' other arguments and find them to be without merit. Appellants shall bear the costs of appeal. The order of the Bankruptcy Appellate Panel is **AFFIRMED**.

---

[1] *See* Fed. R. Bankr. P. 7015 ("Rule 15 F.R.Civ.P. applies in adversary proceedings.").