**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOUTHERN NEVADA TBA SUPPLY COMPANY, DBA Ted Wiens Tire and Auto Centers, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> UNIVERSAL UNDERWRITERS INSURANCE COMPANY, <br><br> Defendant-Appellee. | No.   15-16828 <br><br> D.C. No. 2:15-cv-00046-GMN-NJK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Argued and Submitted April 19, 2017
San Francisco, California

Before:  SCHROEDER and RAWLINSON, Circuit Judges, and STAFFORD,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

Appellant Southern Nevada TBA Supply Company d/b/a Ted Wiens Tire and Auto Centers (Appellant) challenges the district court's orders dismissing with prejudice and without leave to amend its insurance coverage action and denying its motion for reconsideration. Appellant contends that the district court erred in determining that there was no potential for insurance coverage. We review dismissals under Rule 12(b)(6) *de novo*, *see Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017), *as amended*, and denials of motions for reconsideration for an abuse of discretion, *Tracht Gut, LLC v. Los Angeles Cty Treas. & Tax Collector (In re Tracht Gut, LLC)*, 836 F.3d 1146, 1150 (9th Cir. 2016). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court properly concluded that there was no potential for insurance coverage and thus no duty to defend because the allegations in the third-party complaint fall squarely within the pollution exclusion. *See United Nat'l Ins. v. Frontier Ins.*, 99 P.3d 1153, 1158 (Nev. 2004) (en banc) (holding that insurers have no duty to defend the insured where there is no "*potential* for coverage") (emphasis in the original). Because any amendment to Appellant's complaint would be futile, the district court properly denied leave to amend. *See Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) (observing that "a district

2

court abuses its discretion by denying leave to amend unless amendment would be futile").

The district court acted within its discretion in denying Appellant's motion for reconsideration because Appellant presented no "newly discovered evidence," "clear error," "manifest[] [i]njust[ice]," or "change in controlling law" justifying reconsideration. *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (citation omitted).

**AFFIRMED.**