**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: CAPITAL OPTIONS, LLC, | No. 16-60052 |
| Debtor, | BAP No. 15-1165 |
| _____ | |
| CAPITAL OPTIONS, LLC, | MEMORANDUM* |
| Appellant, | |
| v. | |
| C. DENNIS LOOMIS; BAKER HOSTETLER, LLP, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Jury, and Jaime, Bankruptcy Judges, Presiding

Argued and Submitted October 17, 2017
San Francisco, California

Before: WALLACE, CALLAHAN, and NGUYEN, Circuit Judges.

_____

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

This is an appeal from the Bankruptcy Court's dismissal of claims by Capital Options, LLC (Capital) against an attorney, C. Dennis Loomis, and his law firm, Baker Hostetler LLP (collectively Loomis). Capital alleged that it had an interest in another organization, G2, LLC (G2), and that Loomis was a trustee of G2 funds and thus had a non-waivable fiduciary duty to Capital. The Bankruptcy Court, having dismissed Capital's underlying adversary proceeding in which it asserted its interest in G2, dismissed Capital's complaint against Loomis. We have jurisdiction under 28 U.S.C. § 158(d)(1), and affirm.

A grant of a Federal Rule of Civil Procedure 12(b)(6) dismissal is reviewed de novo. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010); *see also In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("A motion to dismiss in an adversary bankruptcy proceeding is governed by Federal Rule of Bankruptcy Procedure 7012(b), which incorporates Federal Rule of Civil Procedure 12(b)-(i)"). However, underlying factual findings are reviewed for clear error. *In re Retz*, 606 F.3d 1189, 1196 (9th Cir. 2010).

In a contemporaneously filed memorandum disposition in *In re Capital Options, LLC*, No. 15-60054, we affirm the Bankruptcy Court's dismissal of Capital's related adversary proceeding. Accordingly, as Capital has failed to demonstrate an interest in G2, it has failed to show that Loomis, as a trustee of the

G2 funds, has any fiduciary duty to it. The Bankruptcy Court's dismissal of

Capital's claims against Loomis is AFFIRMED.