NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 29 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORCAN KILROY,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION; et al.,<br><br>               Defendants-Appellees. | No.   16-56484<br><br>D.C. No.<br>2:13-cv-06373-DMG-FFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted March 27, 2019[**]

Before: WALLACE, FARRIS, and TROTT, Circuit Judges.

Lorcan Kilroy appeals pro se from the district court's summary judgment in

his employment action against Los Angeles Unified School District Board of

Education alleging federal claims. We have jurisdiction under 28 U.S.C. § 1291.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the district court's summary judgment de novo, *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 466 (9th Cir. 2015), and we affirm.

The district court properly granted summary judgment on Kilroy's claims of retaliation in violation of Title II of the Americans with Disabilities Act and § 504 of the Rehabilitation Act because he failed to raise a genuine issue of material fact regarding causation or pretext. *See Curley v. City of N. Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014) (holding that if defendant establishes legitimate, non-retaliatory reason for adverse action, then plaintiff must show pretext). Contrary to Kilroy's contention, the district court applied the correct causation standard. *See Brenneise*, 806 F.3d at 473 (holding that but-for standard applies in determining whether plaintiff has established causal link between protected activity and adverse action).

The district court properly exercised its discretion in its rulings regarding evidence of discipline imposed on other teachers. *See ABS Entm't, Inc. v. CBS Corp.*, 908 F.3d 405, 413 (9th Cir. 2018) (stating standard of review). The evidence was hearsay, and any error in the district court's refusal to consider it on summary judgment was harmless because the evidence did not support Kilroy's showing of causation or pretext. *See* Fed. R. Evid. 801(c) (defining hearsay); *Aguilera v. Baca*, 510 F.3d 1161, 1174 (9th Cir. 2007) (defining harmless error).

The district court properly exercised its discretion in denying Kilroy's

untimely motion for judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), *petition for cert. filed* (U.S. Jan. 31, 2019) (No. 18-1010).

The district court properly exercised its discretion in denying Kilroy's motion to compel responses to a subpoena served on a non-party. *See Mueller v. Auker*, 700 F.3d 1180, 1194 (9th Cir. 2012) (stating standard of review).

We reject as unsupported by the record Kilroy's contention that the district court failed to conduct a de novo review of the magistrate judge's reports and recommendations, as required by Federal Rule of Civil Procedure 72(b)(3) and 28 U.S.C. § 636(b)(1). *See Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005).

The district court properly exercised its discretion in denying Kilroy leave to file a third amended complaint to include new claims and new defendants concerning events that occurred while this action was pending. *See Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018) (stating standard of review); *In re Tracht Gut, LLC*, 836 F.3d 1146, 1152 (9th Cir. 2016) (setting forth factors that district court should consider in determining whether to permit leave to amend).

In light of the district court's entry of final judgment, issues regarding preliminary injunctive relief and the certification of issues for appeal under 28 U.S.C. § 1292(b) are moot.

All pending motions are denied.

**AFFIRMED.**