**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 30 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-35674 |
| Plaintiff-Appellee, | D.C. Nos. 3:13-cv-02099-MA |
| v. | 3:80-cr-00082-MA-1 |
| LAWRENCE DOBY WILSON, AKA Amin A. Rashid, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted October 26, 2020**

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Federal prisoner Lawrence Doby Wilson appeals pro se from the district

court's judgment denying his petition for a writ of error coram nobis, and its order

denying his motion under Federal Rule of Civil Procedure 60(b)(1).  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo the denial of a petition

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

for a writ of error coram nobis, *see United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007), and for abuse of discretion the denial of a Rule 60(b)(1) motion, *see In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016). We affirm.

Wilson contends that his 1980 conviction for interstate transportation of fraudulently obtained funds must be vacated because: he is actually innocent of that offense, he received ineffective assistance of counsel, and his due process rights were violated when an inaccurate record was provided to this court in a prior appeal. To obtain coram nobis relief on these claims, Wilson must show, among other requirements, that "valid reasons exist for not attacking the conviction earlier." *Riedl*, 496 F.3d at 1006. We agree with the district court that none of the reasons Wilson proffers adequately justifies his delay in presenting his claims. The district court, therefore, properly denied coram nobis relief and did not abuse its discretion by denying Wilson's Rule 60(b) motion.

**AFFIRMED.**

19-35674