NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: BLUE EARTH, INC., | No. 19-60054 |
| Debtor, | BAP No. 18-1232 |
| ------------------------------ | |
| INTRACOASTAL CAPITAL, LLC, | MEMORANDUM* |
| Appellants, | |
| v. | |
| BRADLEY D. SHARP, Chapter 11 Trustee, | |
| Appellee. | |

| | |
|---|---|
| In re: BLUE EARTH, INC., | No. 19-60064 |
| Debtor, | BAP No. 18-1232 |
| ------------------------------ | |
| ANSON INVESTMENTS MASTER FUND, LLP, | |
| Appellants, | |
| v. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

BRADLEY D. SHARP, Chapter 11 Trustee,

Appellee.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Brand, Spraker, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted December 7, 2020
Pasadena, California

Before: KELLY,[**] GOULD, and R. NELSON, Circuit Judges.

Intracoastal Capital, LLC (Intracoastal) appeals from the Bankruptcy Appellate Panel's (BAP's) decision reversing the bankruptcy court's denial of leave to amend Bradley D. Sharp, Chapter 11 Litigation Trustee's (Trustee's) First Amended Complaint (FAC). Both the bankruptcy court and the BAP determined that Trustee had not sufficiently alleged fraudulent transfer claims in his first amended complaint. Trustee has not cross-appealed that issue.

Because the parties are familiar with the facts and procedural background, we need not restate them. Intracoastal argues that the bankruptcy court did not abuse its discretion in denying leave to amend and urges us to reverse the BAP's judgment on this issue and affirm the bankruptcy court's order. Trustee argues that the BAP was correct in deciding that the bankruptcy court abused its discretion

_____

[**] The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

2

because an amendment would not have been futile.  We have jurisdiction under 28 U.S.C. § 158(d)(1) and we reverse the BAP's judgment with respect to leave to amend and affirm the bankruptcy court's order denying leave to amend.

## STANDARD OF REVIEW

We review the BAP's decisions de novo and review the bankruptcy court's decisions with the same standard of review applied by the BAP.  *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).  We review a bankruptcy court's dismissal without leave to amend for abuse of discretion.  *Id.*  A trial court abuses its discretion if it applies the wrong legal standard or if its factual findings were clearly erroneous.  *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009).

## DISCUSSION

The bankruptcy court did not abuse its discretion in denying leave to amend on grounds of futility.  A trial court does not abuse its discretion in denying leave to amend where further amendment would be futile.  *See In re Tracht Gut*, 836 F.3d at 1155.  As noted, the bankruptcy court dismissed the FAC for failure to state a claim and the BAP affirmed.  Trustee does not propose factual allegations in addition to those already pleaded in the deficient FAC to plausibly allege that Blue Earth, Inc. (BEI) was insolvent under 11 U.S.C. § 548(a)(1)(B).

3

Trustee argues that BEI's intangible assets were fraudulently overstated. However, at the hearing on a motion to reconsider, Trustee could not assert sufficient factual allegations to plead that liabilities exceeded assets on this basis.

Trustee also concedes that his first two complaints did not have specific factual allegations because he did not know "the details of how overstated and false the" financial statements were until learning about them from an SEC complaint filed against BEI for financial fraud on June 28, 2019.

Trustee argues he was misled by the bankruptcy court's statements during the motion to dismiss on the initial complaint that left Trustee with the impression that he only needed to make minor additions to the FAC. However, the bankruptcy court also gave Trustee specific details on which complaint paragraphs were deficient and stated that Trustee needed to allege more facts. Despite notice that the FAC is still deficient, Trustee has not pleaded sufficient factual allegations regarding unreasonably small capital to include in a second amended complaint.

Trustee argues that the bankruptcy court erred when it failed to consider the unreasonably small capital test in denying Trustee's motion to reconsider. However, Trustee never addressed the unreasonably small capital test in the motion to reconsider and insufficiently addressed it in his complaints. It is a plaintiff's responsibility to sufficiently plead its own case. *See Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).

Trustee also argues BEI was left with unreasonably small capital as evidenced by the fact that it was forced to borrow funds from its shareholder, Jackson Investment Group. However, the "ability to borrow money" to remain operational for five months does not suggest insolvency. *See Moody v. Sec. Pac. Bus. Credit, Inc.*, 971 F.2d 1056, 1070, 1073 (3d Cir. 1992).

Trustee contends that he should be allowed to amend his complaint with facts contained in the above-mentioned SEC complaint. However, these "facts had been available to" Trustee. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). Trustee had access to pre-complaint discovery through Federal Rule of Bankruptcy Procedure 2004 and had conducted depositions of Intracoastal and issued requests for production. *See In re Blue Earth, Inc.*, No. 16-30296 (Bankr. N.D. Cal. Mar. 21, 2016), ECF Nos. 303, 348, and 391. Trustee also had access to BEI's books and records throughout this litigation.

Trustee also argues that he only had one opportunity to amend the complaint. However, there is no automatic right to amend a complaint a second time. *See, e.g., Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017).

The judgment of the BAP as to leave to amend is **REVERSED** and the bankruptcy court's order denying leave to amend is **AFFIRMED**. We **DENY** the motion for judicial notice of the SEC complaint as moot.