**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: HELENA PEREZ REILLY, | No. 20-60013 |
| Debtor. | BAP No. 19-1187 |
| ------------------------------ | |
| HELENA PEREZ REILLY, | MEMORANDUM* |
| Appellant, | |
| v. | |
| WELLS FARGO BANK N.A., | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Spraker, Faris, and Brand, Bankruptcy Judges, Presiding

Submitted March 16, 2021**

Before:  GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Chapter 13 debtor Helena Perez Reilly appeals pro se from the Bankruptcy

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order dismissing her adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court properly dismissed Reilly's adversary proceeding because Reilly failed to allege facts sufficient to show that Wells Fargo Bank N.A. lacked standing for its proof of claim or that the proof of claim was otherwise invalid. *See* Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."); *Tracht Gut, LLC v. L.A. Cnty. Treasurer & Tax Collector (In re Tracht Gut, LLC)*, 836 F.3d 1146, 1150 (9th Cir. 2016) (setting forth standard of review for bankruptcy court's dismissal under Fed. R. Civ. P. 12(b)(6)); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

We reject as unpersuasive Reilly's challenge to the authenticity of the note and deed of trust. *See* Fed. R. Bankr. P. 3001(f).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**