**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: JOSE SOLANO, Jr.,<br><br>　　　　　　　Debtor.<br><br>------------------------------<br><br>JOSE R. SOLANO, Jr.,<br><br>　　　　　　　Appellant,<br><br>　v.<br><br>MAGNUM PROPERTY INVESTMENTS,<br>LLC; SARINA GOERISCH,<br><br>　　　　　　　Appellees. | No. 20-60039<br><br>BAP No. 19-1258<br><br>MEMORANDUM[*] |
| In re: JOSE R. SOLANO, Jr.,<br><br>　　　　　　　Debtor.<br><br>------------------------------<br><br>JOSE R. SOLANO, Jr.,<br><br>　　　　　　　Appellant,<br><br>　v. | No. 20-60040<br><br>BAP No. 19-1259 |

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

MAGNUM PROPERTY INVESTMENTS,
LLC; et al.,

        Appellees.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Faris, and Spraker, Bankruptcy Judges, Presiding

Submitted July 19, 2021[**]

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

In these consolidated appeals, chapter 7 debtor Jose R. Solano, Jr. appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgments affirming the bankruptcy court's orders dismissing Solano's adversary proceeding and remanding to state court a separate quiet title action. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's rulings. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court properly dismissed Solano's adversary proceeding because Solano failed to allege facts sufficient to state any plausible claims. *See*

---

[**]     The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Solano's request for oral argument, set forth in the consolidated opening brief, is denied.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and conclusory allegations are not entitled to be assumed true (citation and internal quotation marks omitted)); *Tracht Gut, LLC v. L.A. County Treasurer & Tax Collector (In re Tracht Gut, LLC)*, 836 F.3d 1146, 1150 (9th Cir. 2016) (standard of review); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (discussing heightened pleading standard under Rule 9(b), which applies to state law claims alleging fraudulent conduct).

We reject as meritless Solano's contentions that the bankruptcy court was required to state findings of fact or conclusions of law in its order of dismissal, *see* Fed. R. Civ. P. 52(c); Fed. R. Bankr. P. 7052, or violated his due process rights.

We do not consider the bankruptcy court's remand order in light of Solano's affirmative waiver of this issue in the consolidated opening brief.

**AFFIRMED.**