**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 16 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: LEILANI HOPE RICKERT,

          Debtor,

------------------------------

LEILANI HOPE RICKERT,

          Appellant,

  v.

SPECIALIZED LOAN SERVICING, LLC;
et al.,

          Appellees.

No. 21-60003

BAP No. 20-1100

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Brand, Gan, and Faris, Bankruptcy Judges, Presiding

Submitted December 14, 2021[**]

Before:     WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

      Chapter 13 debtor Leilani Hope Rickert appeals pro se from the Bankruptcy

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order dismissing her adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court properly dismissed Rickert's adversary proceeding under the law of the case doctrine because Rickert's claims against defendant Specialized Loan Servicing, LLC ("SLS") were previously litigated in Rickert's bankruptcy proceeding, and the bankruptcy court's ruling in favor of SLS was affirmed by the BAP. *See Rebel Oil Co., Inc. v. Atl. Richfield Co.*, 146 F.3d 1088, 1093 (9th Cir. 1998) ("Under the doctrine of 'law of the case,' a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Tracht Gut, LLC v. L.A. County Treasurer & Tax Collector (In re Tracht Gut, LLC)*, 836 F.3d 1146, 1150 (9th Cir. 2016) (standard of review).

The bankruptcy court did not abuse its discretion by considering Rickert's prior bankruptcy court proceedings, and consideration of those proceedings did not convert SLS's Fed. R. Civ. P. 12(b)(6) motion to dismiss into a motion for

summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (setting forth standard of review for decision to take judicial notice and describing material that a court may consider when ruling on a Rule 12(b)(6) motion).

Contrary to Rickert's contention, the bankruptcy court was not required to hold a hearing prior to granting SLS's motion to dismiss. *See Novak v. United States*, 795 F.3d 1012, 1023 (9th Cir. 2015) (due process does not require a court to hold a hearing on a party's motion to dismiss). We reject as without merit Rickert's contentions regarding defects in SLS's motion to dismiss.

Rickert's motion to supplement the reply brief (Docket Entry No. 12) is granted. All other pending requests are denied.

**AFFIRMED.**