NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re the Bankruptcy of

JOHN EARL ERICKSON,

- - - - - - - - - - - - - - - - - - - - - - - - -

JOHN EARL ERICKSON,

        Debtor/Appellant,

  v.

JASON WILSON-AGUILAR,

        Trustee/Appellee.

No. 23-60037

BAP No. 22-1186

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Faris, and Brand, Bankruptcy Judges, Presiding

Submitted September 9, 2024[**]
Seattle, Washington

Before: FLETCHER and JOHNSTONE, Circuit Judges, and RAKOFF, District
Judge[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

John Earl Erickson appeals from the Bankruptcy Appellate Panel's ("BAP") order affirming the bankruptcy court's decisions to dismiss Erickson's bankruptcy petition, impose a two-year bar to refiling for bankruptcy relief, and deny his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 158. We review the BAP's decision de novo applying "the same standard of review that the BAP applied to the bankruptcy court's ruling." *In re Boyajian*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review for abuse of discretion the bankruptcy court's order to dismiss the petition and impose a two-year bar to refiling, *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016), as well as the bankruptcy court's order denying the motion for reconsideration, *In re Kaypro*, 218 F.3d 1070, 1073 (9th Cir. 2000). The bankruptcy court's legal conclusions are reviewed de novo. *Blausey v. U.S. Trustee*, 552 F.3d 1124, 1132 (9th Cir. 2009).

Erickson raises the same issues on appeal as he did to the BAP but argues that the BAP misapprehended the issue on appeal because he had appealed the bankruptcy court's denial to amend his bankruptcy petition, and not whether the originally filed plan was confirmable. The BAP did not misapprehend the issue and indeed expressly acknowledged Erickson's stated intention to amend the plan. The bankruptcy court's consideration of whether Erickson's petition should be dismissed and whether he should be given an opportunity to refile were both dependent on the bankruptcy court's determination of bad faith. We must therefore evaluate whether

the bankruptcy court erred in making its bad faith determination under a "totality of the circumstances," including (1) whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner," (2) "the debtor's history of filings and dismissals," (3) whether "the debtor only intended to defeat state court litigation," and (4) whether egregious behavior was present. *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999) (citations omitted). Here, the record contains ample evidence to support a finding of bad faith based on Erickson's history of filing six bankruptcy petitions (including the present one), none of which resulted in confirmation. Further, the petitions were clearly intended to defeat state and federal court litigation concerning Erickson's primary residence and the debt Erickson and his wife secured against the property and thus delay the impeding foreclosure on the property. *See Erickson v. JPMorgan Chase Bank, N.A.*, 2024 WL 841466 (W.D. Wash. Feb. 28, 2024), *recons. denied*, 2024 WL 1111002 (W.D. Wash. Mar. 14, 2024) (cataloguing Erickson's lawsuits). The bankruptcy court did not abuse its discretion in finding that Erickson's bad faith constituted a "cause" for dismissal of his bankruptcy case with a two-year bar to refiling under 11 U.S.C. § 349(a) and § 1307(c).[1] *See Leavitt*, 171 F.3d at 1224.

---

[1] Erickson erroneously assumed that the bankruptcy court dismissed the case under 11 U.S.C. § 105(a) because the Trustee in this case cited the provision in his

3

Further, the bankruptcy court also did not err by concluding that Erickson's bankruptcy plan violated the "anti-modification" provisions of 11 U.S.C. § 1322(b)(2). A petitioner's cure for default on a debt secured by a debtor's primary residence under Section 1322(b)(3) ordinarily does not constitute an impermissible modification. 11 U.S.C. § 1322(b)(3). But Erickson's plan, and indeed even the proposed amendments, did not propose a cure for the default at all. Instead, he disputed, *inter alia*, that the creditor had any claim to the property in the first place, which would have necessarily modified the creditor's secured claim.

Neither was Erickson deprived of his due process right to be heard on the motion to dismiss. Erickson was given an opportunity to respond to the Trustee's motion and to participate at the hearing for which he also received the requested disability accommodations.[2] Nothing more was required under the Constitution.

Finally, the bankruptcy court did not abuse its discretion by denying Erickson's motion for reconsideration. In his motion, just as in the petition

motion-to-dismiss brief. The record is clear, however, that the bankruptcy court relied on *Leavitt*, which provides the applicable standard for dismissal for cause under 11 U.S.C. §§ 349(a) and 1307(c).

[2] The bankruptcy court also identified unreasonable prejudice to creditors as a "separate and independent" ground for dismissal. Erickson argues that he was denied an opportunity to be heard on this claim. Because there is sufficient evidence on the record to support dismissal on account of bad faith, we need not address the independent ground for dismissal.

underlying the present appeal, Erickson purported to introduce "newly discovered evidence" regarding the enforceability of the creditor's claim—an issue that has been repeatedly decided by state and federal courts and that had no bearing on the court's dismissal on grounds of bad faith. The bankruptcy court did not abuse its discretion in denying the motion because "federal district courts have no authority to review the final determinations of a state court in judicial proceedings." *In re Gruntz*, 202 F.3d 1074, 1078 (9th Cir. 2000) (en banc) (quotation omitted).

**AFFIRMED**.