**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4771**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

RHINELANDER HERNANDEZ,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Irene C. Berger, District Judge.  (5:15-cr-00033-1)

———————

Submitted:  August 3, 2016        Decided:  August 11, 2016

———————

Before WILKINSON and KEENAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

John H. Tinney, Jr., HENDRICKSON & LONG, PLLC, Charleston, West Virginia, for Appellant.  Miller A. Bushong, III, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rhinelander Hernandez pled guilty, pursuant to a plea agreement, to distribution of a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) (2012), and the district court imposed a downward variant sentence of 120 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in sentencing Hernandez as a career offender. In his pro se supplemental brief, Hernandez also contends that the court erred in sentencing him as a career offender and further argues that his former counsel rendered ineffective assistance by failing to object to the designation of the prior West Virginia conviction for conspiracy to commit a felony as a predicate offense for purposes of the career offender enhancement. The Government moves to dismiss the appeal pursuant to the appeal waiver provision in Hernandez's plea agreement. Hernandez opposes dismissal. For the reasons that follow, we grant the motion and dismiss the appeal.

"We review the validity of an appeal waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). "The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal."

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances . . . , including the background, experience, and conduct of the accused." Id. (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [plea] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (internal quotation marks omitted).

In his plea agreement, Hernandez waived his right to appeal his conviction and sentence "on any ground whatsoever," reserving only his right to "appeal any sentence that exceeds the maximum penalty prescribed by statute" and his right to file a "post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel." The language of this appeal waiver is clear and unambiguous, and the record reveals that Hernandez understood the full significance of the waiver. The court also confirmed that Hernandez was competent to plead guilty and was entering his plea in the absence of threats, force, or promises outside of those contained in the plea agreement. Accordingly, we conclude that Hernandez's appeal waiver is valid and enforceable.

We also conclude that Hernandez's challenges to the career offender enhancement fall squarely within the scope of the waiver. Although Hernandez's ineffective assistance claim is not waived, it is not cognizable on direct appeal "[b]ecause there is no conclusive evidence of ineffective assistance on the face of this record." United States v. Faulls, 821 F.3d 502, 508 (4th Cir. 2016). Indeed, Hernandez's "claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." Id.

We have thoroughly reviewed the record in accordance with Anders and have identified no potentially meritorious issues that fall outside the scope of the appeal waiver. We therefore grant the Government's motion and dismiss Hernandez's appeal. This court requires that counsel inform Hernandez, in writing, of the right to petition the Supreme Court of the United States for further review. If Hernandez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hernandez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

4