FILED

JUN 05 2018

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   NC-17-1217-FBTa |
| ) | |
| JAMES AMAR SINGH, ) | Bk. No.   4:15-bk-40917 |
| ) | |
| Debtor. ) | Adv. Pro. 4:16-ap-04026 |
| _____ ) | |
| JAMES AMAR SINGH, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on May 25, 2018
at San Francisco, California

Filed – June 5, 2018

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable William J. Lafferty, Bankruptcy Judge, Presiding

Appearances:     Appellant James Amar Singh, pro se, on the brief;
James Z. Margolis argued on behalf of appellant;
Robert Collings Little of Anglin Flewelling
Rasmussen Campbell & Trytten LLP argued for
appellee Wells Fargo Bank, N.A.

Before: FARIS, BRAND, and TAYLOR, Bankruptcy Judges.

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

Appellant James Amar Singh's nine-year quest to stave off foreclosure of his home has engendered at least ten bankruptcy cases and four lawsuits. In this latest iteration, Mr. Singh sought chapter 13[1] bankruptcy protection and filed an adversary proceeding against appellee Wells Fargo Bank, N.A. ("Wells Fargo"), seeking a declaration that Wells Fargo lacked any rights in his real property due to an earlier foreclosure that a state court jury found to be improper. In a thoroughly reasoned decision, the bankruptcy court granted Wells Fargo's motion to dismiss the adversary proceeding with prejudice.

On appeal, Mr. Singh largely ignores the bankruptcy court's analysis and continues to insist, incorrectly, that the jury verdict in his favor permanently bars Wells Fargo's interest in his property. We AFFIRM.

**FACTUAL BACKGROUND**

**A.    Prelitigation events**

In January 2006, Mr. Singh obtained a $500,000 loan from Wells Fargo's predecessor, which was secured by a deed of trust encumbering his residential real property located in Oakland, California (the "Property"). (We will refer to Wells Fargo and its predecessors collectively as "Wells Fargo.") Mr. Singh defaulted on the loan in December 2009, and Wells Fargo recorded a notice of default. The foreclosure sale of the Property was

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

scheduled for August 8, 2010.

**B.   State and federal litigation**

In the span of five years, Mr. Singh initiated ten bankruptcy cases, most of which were quickly dismissed for failure to file documents.  He filed his first petition on August 5, 2010, which stayed the pending foreclosure sale and allowed him to begin prosecuting his string of civil cases.

**1.   The first lawsuit**

In October 2011, Mr. Singh filed suit (the "First Lawsuit") in state court against Wells Fargo to challenge the foreclosure. He asserted six causes of action: (1) elder financial abuse, (2) wrongful foreclosure, (3) breach of contract, (4) intentional infliction of emotional distress, (5) violation of business and professions code, and (6) quiet title.  Wells Fargo removed the First Lawsuit to federal district court.  After the district court denied Mr. Singh's motion for an injunction barring Wells Fargo from conducting a foreclosure sale, Mr. Singh voluntarily dismissed the First Lawsuit pursuant to Civil Rule 41(a).

In July 2012, Wells Fargo purchased the Property at a foreclosure sale and recorded a trustee's deed upon sale ("Trustee's Deed").  Mr. Singh contends that the foreclosure sale was invalid.  He claims that the sale was cancelled when the auctioneer received copies of Mr. Singh's eighth bankruptcy petition that was filed earlier that day. (Mr. Singh had filed four bankruptcy petitions in the year preceding the foreclosure sale.)  Mr. Singh claims that, nevertheless, Wells Fargo "illegally" purchased the Property after all other bidders had left.

3

## 2. The second lawsuit

In December 2012, Mr. Singh filed another lawsuit (the "Second Lawsuit") against Wells Fargo in state court. He alleged seven causes of action: (1) quiet title, (2) declaratory relief, (3) preliminary and permanent injunction, (4) cancellation of instruments, (5) wrongful foreclosure, (6) unjust enrichment, and (7) fraud.

Wells Fargo again removed the case to the federal district court. The district court dismissed Mr. Singh's complaint without leave to amend for failure to state a claim upon which relief could be granted. Mr. Singh appealed the decision to the Ninth Circuit Court of Appeals, which affirmed the dismissal in December 2016.

## 3. The unlawful detainer action

Following the foreclosure sale, Wells Fargo filed an unlawful detainer action (the "Unlawful Detainer Action") in state court. Mr. Singh apparently challenged the propriety of the sale on grounds that the record does not disclose. A jury determined that Wells Fargo did not purchase the Property "at a properly conducted trustee sale" and that Wells Fargo "shall take nothing by [its] Complaint" (the "Unlawful Detainer Judgment").

Wells Fargo then recorded a notice of rescission of the Trustee's Deed ("Notice of Rescission") as a first step toward a second foreclosure sale.

## 4. The third lawsuit

In March 2015, Mr. Singh filed yet another lawsuit (the "Third Lawsuit") in state court, alleging that Wells Fargo had no right to resume the foreclosure process because the Unlawful

4

Detainer Judgment had claim preclusive effect. He asserted claims for: (1) conversion, (2) slander of title, (3) fraud, (4) infliction of emotional distress, (5) elder abuse, (6) declaratory relief, and (7) preliminary and permanent injunction. He alleged that he owned the Property free and clear of Wells Fargo's encumbrances. After Wells Fargo removed the Third Lawsuit to federal district court, Mr. Singh voluntarily dismissed it.

**C.    The chapter 13 bankruptcy case and adversary proceeding**

Also in March 2015, Mr. Singh filed the underlying chapter 13 bankruptcy case. This was his tenth bankruptcy filing.

Mr. Singh initiated an adversary proceeding against Wells Fargo, alleging that the Unlawful Detainer Judgment conclusively established that Wells Fargo had no right to record the Trustee's Deed following the July 2012 foreclosure sale and, therefore, had no right to pursue further foreclosure actions. He also alleged that Wells Fargo did not properly rescind the Trustee's Deed. The amended adversary complaint asserted nine causes of action: (1) injunctive relief, (2) declaratory relief, (3) turnover of unlawfully conveyed real property, (4) slander of title, (5) financial elder abuse fraud, (6) quiet title, (7) fraud, malice, and oppression, (8) violation of business and professions code section 17200, and (9) accounting.

**D.    The motion to dismiss**

Wells Fargo moved to dismiss the adversary proceeding under Civil Rule 12(b)(6), made applicable to bankruptcy by Rule

7012(b) ("Motion to Dismiss").[2] It argued that the complaint failed to state a claim upon which relief could be granted because, among other things, Mr. Singh voluntarily dismissed similar claims twice before in the First and Third Lawsuits, which barred further adjudication under Civil Rule 41(a)(1)(B), made applicable in bankruptcy by Rule 7041; he failed to make a valid tender of the outstanding debt, thereby precluding equitable relief; the Unlawful Detainer Judgment did not preclude Wells Fargo from continuing its foreclosure efforts; and the Notice of Rescission was proper.

In response, Mr. Singh argued that Wells Fargo "stole [his] Property through a fraudulent sale" and filed "a Bogus Notice of Rescission of Trustee's Deed Upon Sale[.]" He argued that claim preclusion did not apply to the slander of title claim, which he alleged for the first time in the adversary complaint. In the alternative, he asked that the bankruptcy court allow him leave to amend the complaint.

At the hearing on the Motion to Dismiss, counsel for Wells Fargo reminded the court that, in the time that the Motion to Dismiss was pending, the Ninth Circuit affirmed the district court's dismissal of the Second Lawsuit; as a result, claim preclusion barred relitigation of the claims raised in the Second Lawsuit. In response, Mr. Singh's counsel argued briefly that claim preclusion was inapplicable because "the matters that we're

_____

[2] The bankruptcy court dismissed the underlying bankruptcy case in May 2016 but retained jurisdiction over the adversary proceeding. Mr. Singh later filed his eleventh bankruptcy petition in April 2018.

6

raising in this case are matters that came about after [the Unlawful Detainer Judgment]."

Following the hearing, the bankruptcy court issued its Order Granting Motion to Dismiss First Amended Complaint ("Dismissal Order").

First, the bankruptcy court held that claim preclusion applied to all of the causes of action except the quiet title claim, "because the Second Lawsuit was fully adjudicated adversely to the Plaintiff by both the District Court and the United States Court of Appeals for the Ninth Circuit . . . and contained claims based on the same underlying facts as alleged in the [adversary complaint]."

Second, the bankruptcy court held that the "Two Dismissal Rule" of Civil Rule 41(a)(1)(B) barred relitigation of the claims previously asserted (and dismissed) in the First and Third Lawsuits.

Third, the bankruptcy court held that Mr. Singh's failure to tender payment of the debt mandated dismissal of the equitable claims - injunctive relief, declaratory relief, quiet title, unfair competition, and accounting.

Finally, the bankruptcy court considered the merits of the individual claims and determined that none stated a claim upon which relief could be granted. The bankruptcy court therefore dismissed the adversary complaint with prejudice.

Mr. Singh timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C.

§ 158.

**ISSUE**

Whether the bankruptcy court erred in dismissing the complaint without leave to amend.

**STANDARDS OF REVIEW**

We review de novo a bankruptcy court's decision to grant a motion to dismiss a complaint under Civil Rule 12(b)(6). See Barnes v. Belice (In re Belice), 461 B.R. 564, 572 (9th Cir. BAP 2011). De novo review is independent and gives no deference to the trial court's conclusion. Roth v. Educ. Credit Mgmt. Agency (In re Roth), 490 B.R. 908, 915 (9th Cir. BAP 2013).

A decision to dismiss a complaint without leave to amend and with prejudice is reviewed for abuse of discretion. See Tracht Gut, LLC v. L.A. Cty. Treasurer & Tax Collector (In re Tracht Gut, LLC), 836 F.3d 1146, 1150 (9th Cir. 2016). To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1262–63 & n.21 (9th Cir. 2009) (en banc).

**DISCUSSION**

**A. Civil Rule 12(b)(6) requires Mr. Singh to state a claim upon which relief can be granted.**

Under Civil Rule 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted.

8

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555, 570.

In deciding whether the complaint states a claim upon which relief can be granted, the court accepts the allegations as true and draws all reasonable inferences in favor of the plaintiff. See Usher v. City of L.A., 828 F.2d 556, 561 (9th Cir. 1987). But the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

**B.    Mr. Singh's basic argument – that the Unlawful Detainer Judgment destroyed Wells Fargo's deed of trust – is wrong.**

The crux of Mr. Singh's arguments on appeal is that the Unlawful Detainer Judgment stripped Wells Fargo of its rights in the Property and precludes it from taking any further action to foreclose on the Property. He is mistaken.

Mr. Singh argues that Wells Fargo lacks the authority to foreclose on the Property "because Wells Fargo lost the unlawful detainer action[.]" He also contends that the claims that rely on the wrongful foreclosure claims (such as the elder abuse

9

claim, quiet title claim, and slander of title claim) should have survived the Motion to Dismiss for the same reason.

But Mr. Singh's position rests on a false premise: that the Unlawful Detainer Judgment extinguished Wells Fargo's rights in the Property. The jury's finding that a procedural deficiency voided the July 2012 foreclosure sale does not mean that Wells Fargo is forever barred from conducting a proper foreclosure. Therefore, all of the claims that rely on his wrongful foreclosure argument necessarily fail.[3]

Similarly, Mr. Singh contends that the bankruptcy court erred because the Unlawful Detainer Judgment should have been given claim preclusive effect in his favor. But the jury only found that the July 2012 foreclosure sale was defective. The Unlawful Detainer Judgment does not provide, for example, that Mr. Singh is entitled to a judgment quieting title in him free of the deed of trust. It has a more narrow effect than Mr. Singh believes and does not support his claims in the adversary proceeding.[4] The Ninth Circuit was similarly unswayed by this argument in deciding the appeal of the judgment in the Second

---

[3] Perhaps relatedly, Mr. Singh argues that Wells Fargo could not foreclose because it violated the conditions precedent to a foreclosure under the deed of trust. It is not clear that he made this argument in the bankruptcy court; if he did not, the argument is waived. But even if he did, he does not explain this argument. He cites a lengthy paragraph purportedly from the deed of trust but does not state how Wells Fargo allegedly violated it. We can discern no error based on this argument.

[4] In his reply brief, Mr. Singh complains that Wells Fargo refused to agree to a loan modification. He offers no authority for the proposition that Wells Fargo had any legal obligation to modify the terms of the loan.

10

Lawsuit, stating that it "reject[s] without merit . . . Singh's contentions regarding . . . the preclusive effect of the parties' state unlawful detainer action." We are bound by the Ninth Circuit's rejection of Mr. Singh's preclusion arguments.

In short, Wells Fargo's errors in its first attempt to foreclose do not entitle Mr. Singh to a free house.

**C. Mr. Singh fails to address the majority of the bankruptcy court's Dismissal Order.**

Mr. Singh utterly fails to address the bankruptcy court's major reasons for dismissing his complaint. As such, those arguments are waived. See Padgett v. Wright, 587 F.3d 983, 986 n.2 (9th Cir. 2009) (per curiam) (an appellate court "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief"); Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . ."). While we liberally construe a pro se debtor's appellate brief, see Nordeen v. Bank of Am., N.A. (In re Nordeen), 495 B.R. 468, 483 (9th Cir. BAP 2013), we will not question the parts of the bankruptcy court's decision that Mr. Singh does not even discuss.

**1. Mr. Singh does not challenge the court's ruling that claim preclusion barred relitigation of all claims except for the quiet title claim.**

Mr. Singh ignores the bankruptcy court's first reason for

11

dismissal: that claim preclusion[5] barred relitigation of the claims raised in the Second Lawsuit (other than the quiet title claim).

Under California law, claim preclusion "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896 (2002). Claim preclusion requires that: (1) the second lawsuit must involve the same "cause of action" as the first lawsuit; (2) the first lawsuit must have resulted in a final judgment on the merits; and (3) the party to be precluded must have been a party, or in privity with a party, to the first lawsuit. See San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys., 568 F.3d 725, 734 (9th Cir. 2008). Courts may inquire into fairness and public policy before applying the doctrine of claim preclusion, but that inquiry is not mandatory. See Roberts v. Andrews Family Revocable Tr. (In re Andrews), BAP No. EC-13-1385-JuTaKu, 2014 WL 2547808, at *8 (9th Cir. BAP June 5, 2014), aff'd, 668 F. App'x 757 (9th Cir. 2016) (citing Kopp v. Fair Political Practices Comm'n, 11 Cal. 4th 607, 620–22 (1995)).

First, Wells Fargo established an identity of claims between the adversary proceeding and the Second Lawsuit. California courts employ the "primary rights theory" to determine if two

---

[5] Although the parties use the term "res judicata," we employ the term "claim preclusion," which has "supplanted the term 'res judicata' that was traditionally used in a now-obsolete, non-generic sense . . . ." The Alary Corp. v. Sims (In re Associated Vintage Grp., Inc.), 283 B.R. 549, 555 (9th Cir. BAP 2002).

12

actions constitute a single cause of action. "[A] 'cause of action' under the primary rights theory considers the broader question of the injury or harm suffered. 'The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action.'" Id. at *9 (quoting Mycogen Corp., 28 Cal. 4th at 904). Therefore, "[i]f an action involves the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit, the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Id. (quoting Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983)); see Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) ("The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" (citations omitted)).

The bankruptcy court examined the claims adjudicated in the Second Lawsuit and determined that they were identical to the claims raised in the adversary proceeding, except for the quiet title claim. The only change between the Second Lawsuit and the adversary complaint was the Unlawful Detainer Judgment; therefore, "any cause of action that relies on facts surrounding the UD Lawsuit and Judgment[] would not be barred by the doctrine of claim preclusion because it does not rely on the same operative nucleus of facts." We discern no error in the bankruptcy court's careful comparison of the various claims.

Second, there is no dispute that the Second Lawsuit resulted

13

in a final judgment on the merits.

Third, Mr. Singh was the prosecuting party in both the Second Lawsuit and the adversary proceeding.

Accordingly, the bankruptcy court correctly decided that all of the claims raised in the adversary proceeding (except for the quiet title claim) are barred by claim preclusion.

**2. Mr. Singh does not challenge dismissal based on the two-dismissal rule.**

Similarly, the bankruptcy court correctly dismissed the slander of title claim, injunctive relief claim, fraud claim, and elder abuse claim because Mr. Singh had voluntarily dismissed those claims twice before.

Under Civil Rule 41(a)(1)(B), "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." This "two-dismissal rule" provides that "a voluntary dismissal of a second action operates as a dismissal on the merits if the plaintiff has previously dismissed an action involving the same claims." Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1076 (9th Cir. 1999).

The bankruptcy court correctly held that the two-dismissal rule barred those claims that Mr. Singh voluntarily dismissed in the First and Third Lawsuits.[6] Mr. Singh does not address this

---

[6] Although Mr. Singh gave different titles to the causes of action in the First and Third Lawsuits, the bankruptcy court properly determined that the claims arose out of the "same transactional nucleus of facts." For example, Mr. Singh asserted claims in the Third Lawsuit for slander of title and fraud, which
(continued...)

14

reason for dismissal on appeal or discuss how the bankruptcy court erred.

### 3. Mr. Singh fails to address many of the discrete reasons for dismissal.

Mr. Singh largely fails to argue that the bankruptcy court erred in analyzing the individual causes of action. He completely ignores the court's reasons for dismissing: (1) First Cause of Action: Injunctive Relief; (2) Second Cause of Action: Declaratory Relief; (3) Third Cause of Action: Turnover of Property; (4) Seventh Cause of Action: Fraud; (5) Eighth Cause of Action: Violation of Business and Professions Code 17200; and (6) Ninth Cause of Action: Accounting. Accordingly, he has waived these issues on appeal.

### 4. Mr. Singh did not explain how the bankruptcy court erred by denying leave to amend.

Mr. Singh also fails to discuss the bankruptcy court's decision to dismiss his complaint without leave to amend.

The Ninth Circuit instructs that we must "consider five factors in assessing whether a district court abuses its discretion in dismissing a complaint without leave to amend: 'bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.'" Ecological Rights Found. v. Pac. Gas & Elec. Co., 713 F.3d 502, 520 (9th Cir. 2013) (quoting United States v.

---

[6](...continued)
were not explicitly asserted in the First Lawsuit. Nevertheless, the bankruptcy court found that "the causes of action which rely on the facts surrounding the wrongful foreclosure . . . can be dismissed pursuant to the Two Dismissal Rule."

15

Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011)). "Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011); see Civil Rule 15(a) ("The court should freely give leave when justice so requires.").

The bankruptcy court determined that leave to amend would be futile because Mr. Singh could not plead any viable claim. We agree. As the bankruptcy court comprehensively explained, each of Mr. Singh's claims failed as a matter of law for multiple reasons, and Mr. Singh did not propose any way in which he could amend his complaint to avoid the many hurdles.

In his briefs, Mr. Singh only states that "[t]he trial court erred in in [sic] dismissing the Adversary complaint without leave to amend." He also baldly states that the complaint "can reasonably be amended to allege standing and to plead with sufficient particularity on each of SINGH's claims[,]" but he does not explain how he would amend the complaint to cure the defects.

We do not consider arguments that are not specifically and distinctly argued in the appellant's opening brief. See Padgett, 587 F.3d at 986 n.2; Bolt v. Crake (In re Riverside-Linden Inv. Co.), 945 F.2d 320, 325 (9th Cir. 1991) (holding that a passing, conclusory statement "did not permit the issue to be 'fully explored,' . . . and we consider the issue waived"). Mr. Singh provides no analysis, legal authority, or facts supporting his assertion that he should be entitled to amend his complaint.

16

At oral argument, counsel for Mr. Singh argued that the bankruptcy court should have allowed Mr. Singh to amend his complaint to allege that Wells Fargo had to start the foreclosure process anew, presumably because the Unlawful Detainer Judgment voided all earlier actions to foreclose on the Property. But Mr. Singh did not articulate this theory to the bankruptcy court or in his briefs, so we will not consider it. See Ezra v. Seror (In re Ezra), 537 B.R. 924, 932 (9th Cir. BAP 2015).[7]

Accordingly, the bankruptcy court did not abuse its discretion in granting the Motion to Dismiss with prejudice.

---

[7] Further, there is no reason to allow Mr. Singh to file an amended complaint based on his fear that Wells Fargo might err again. As far as we can tell from the record, Mr. Singh's serial bankruptcy filings have so far prevented Wells Fargo from foreclosing again. If Wells Fargo manages to get a new foreclosure off the ground, Mr. Singh could assert any proper challenges to that foreclosure at an appropriate time and in an appropriate forum. Any wrongs committed in that new foreclosure would not have any bearing on the bankruptcy case in which this adversary proceeding was brought (Mr. Singh's tenth bankruptcy case) because that bankruptcy case has been dismissed. Any claims arising out of the new foreclosure would be based on conduct occurring after that bankruptcy case was dismissed, and those claims would not be property of the estate in the dismissed bankruptcy case. Because the claims arising out of the new foreclosure would not affect the outcome of Mr. Singh's tenth bankruptcy case or the administration of his estate, the bankruptcy court likely would not have "related to" subject matter jurisdiction. Cf. Montana v. Goldin (In re Pegasus Gold Corp.), 394 F.3d 1189, 1193 (9th Cir. 2005) (stating that the "related to" test examines whether "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy"); Linkway Inv. Co. v. Olsen (In re Casamont Inv'rs, Ltd.), 196 B.R. 517, 521 (9th Cir. BAP 1996) ("An action is 'related to' a bankruptcy case if the outcome of the proceeding could conceivably alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) in such a way as to impact on the administration of the bankruptcy estate.").

17

**D.    Mr. Singh fails to allege any actual injury**.

The bankruptcy court held that Mr. Singh did not properly allege any injury, which is fatal to many of his claims. Mr. Singh argues on appeal that he was damaged in an unspecified amount to be determined at trial. The court did not err.

As a general rule, a plaintiff must allege damages suffered due to the allegedly improper foreclosure. See generally Cervantes, 656 F.3d at 1044 (holding that plaintiffs failed to state a claim where they "have not identified damages"); Simmons v. Aurora Bank FSB, No. 13-cv-00482-HRL, 2016 WL 192571, at *7 (N.D. Cal. Jan. 15, 2016) (stating that, to state a claim for wrongful foreclosure, a plaintiff must allege that "she was prejudiced or harmed"). In this case, Mr. Singh alleges that he suffered prejudice because "he lost his home at a foreclosure sale," which "shows prejudice" in and of itself and would naturally cause anyone "emotional suffering." But aside from these vague statements, he still fails to allege how and to what extent he has been actually harmed. He also argued to the bankruptcy court that the property taxes on the Property had increased; but it is undisputed that he has not paid taxes since he defaulted on the mortgage loan.

Mr. Singh fails to articulate any actual injury or explain how he would cure this defect if he were allowed to amend his complaint. The bankruptcy court did not err in determining that he did not allege actual injury.

**E.    We will not consider new arguments raised for the first time on appeal**.

Mr. Singh raises a number of new arguments on appeal that he

18

did not present to the bankruptcy court. For example, he makes references to Wells Fargo's alleged violations of the Equal Credit Opportunity Act and the California Homeowners' Bill of Rights. He also raises new factual arguments, detailing Wells Fargo's alleged misapplication or miscalculation of his mortgage payments, the "contrived" default, invalid assignment, and improper securitization.

We will not consider these new arguments in the first instance. We have stated that, "[o]rdinarily, federal appellate courts will not consider issues not properly raised in the trial courts. . . . An issue only is 'properly raised' if it is raised sufficiently to permit the trial court to rule upon it." In re Ezra, 537 B.R. at 932 (citations omitted); see Moldo v. Matsco, Inc. (In re Cybernetic Servs., Inc.), 252 F.3d 1039, 1045 n.3 (9th Cir. 2001) (stating that the appellate court would not explore ramifications of argument because it was not raised in the bankruptcy court); Levesque v. Shapiro (In re Levesque), 473 B.R. 331, 335 (9th Cir. BAP 2012) ("Ordinarily, if an issue is not raised before the trial court, it will not be considered on appeal and will be deemed waived.").

Accordingly, Mr. Singh has waived these arguments.[8]

---

[8] We have discretion to "consider an issue raised for the first time on appeal if (1) there are exceptional circumstances why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." In re Ezra, 537 B.R. at 932-33 (quoting Franchise Tax Bd. v. Roberts (In re Roberts), 175 B.R. 339, 345 (9th Cir. BAP 1994)). Mr. Singh has
(continued...)

19

**CONCLUSION**

The bankruptcy court did not err when it dismissed Mr. Singh's adversary complaint with prejudice. We AFFIRM.[9]

---

[8] (...continued) not identified any exceptional circumstances excusing his failure to raise any of these issues below. He also does not identify any change in law, assert that the issue is purely one of law, or discuss prejudice Wells Fargo may face.

[9] As an additional justification for the dismissal of Mr. Singh's claims for equitable relief, the bankruptcy court held that he failed to tender payment of the debt. We do not reach this issue because we are affirming the decision on several other, independently sufficient grounds.