**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NOE ADALBERTO SILVA; VERONICA DE SILVA, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> SAN PABLO POLICE DEPARTMENT; et al., <br><br> Defendants-Appellees. | No. 18-16453 <br><br> D.C. No. 3:16-cv-04360-VC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted January 24, 2020
San Francisco, California

Before: W. FLETCHER and R. NELSON, Circuit Judges, and SESSIONS,[**]
District Judge.

Plaintiffs Noe Adalberto Silva ("Silva") and Veronica de Silva filed an

action in district court in August 2016 after San Pablo Police officers, suspecting

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Silva was a burglar, used a canine to apprehend and subdue him in his bedroom. This action ("*Silva I*") named as defendants the City of San Pablo ("San Pablo"), the San Pablo Police Department ("SPPD"), SPPD Police Chief Lisa Rosales, and "Does 1 through 10," in their individual and official capacities. In November 2017, plaintiffs filed a second complaint ("*Silva II*") for damages stemming from the same incident against SPPD officers Brett Bennett, Robert Brady, Scott Cook, David Hoff, Jeremy Johnson, Amardeep Kullar, and "Does 1 through 10," in their individual capacities.

Plaintiffs appeal several of the district court's decisions, including its grant of summary judgment in favor of San Pablo in *Silva I*. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

1. Plaintiffs argue that the district court abused its discretion when it denied their motion for leave to amend their *Silva I* complaint to add as named defendants the individual officers involved in the incident. Plaintiffs filed their motion to amend on February 15, 2018, after the district court suggested that *Silva II* might be dismissed as duplicative under the claim-splitting doctrine. The district court ultimately dismissed *Silva II* for this reason.

The district court did not abuse its discretion in concluding that granting the plaintiffs' motion to amend their *Silva I* complaint under Rule 15(a) would have

caused undue delay and possible prejudice to the opposing party. *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1151–52 (9th Cir. 2016). The plaintiffs moved for leave to amend their complaint well after learning the identities of the involved officers—specifically, some fourteen months after San Pablo produced investigative materials in the action. This delay was partially attributable to strategic decisions by plaintiffs' counsel. Additionally, the defendants faced possible prejudice by virtue of amendment. When the plaintiffs moved to amend, discovery in *Silva I* had already closed; two rounds of summary judgment filings had occurred; and trial was set for four months out. Under these circumstances, the district court did not abuse its discretion in denying the plaintiffs leave to amend their *Silva I* complaint. *See, e.g.*, *Lockheed Martin Corp., v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989); *Parker v. Joe Lujan Enters., Inc.*, 848 F.2d 118, 121 (9th Cir. 1988); *cf. DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187–88 (9th Cir. 1987). We affirm.

2. Plaintiffs contend the district court erred when it found that they did not sue Chief Rosales in her individual capacity and accordingly granted her summary judgment on all claims. We review de novo a district court's grant of summary judgment. *Martinez v. City of Clovis*, 943 F.3d 1260, 1269 (9th Cir. 2019). The

3

district court based its decision solely on plaintiffs' response to an interrogatory refusing to answer a question. However, the interrogatory response indicates that plaintiffs may have believed evidence supporting their theory of Chief Rosales's individual liability overlapped with evidence supporting their municipal liability claims and was therefore excluded from discovery under a bifurcation order by the court. The district court later clarified its bifurcation order. Moreover, the *Silva I* complaint specifically stated, "Plaintiff sues Rosales in her individual and official capacities." The district court's decision was error, and we reverse.

3. Plaintiffs argue the district court erred in finding that SPPD was not a separate legal entity capable of being sued under 42 U.S.C. § 1983, and in therefore granting summary judgment to SPPD on the § 1983 claims. We review this question de novo. *Martinez*, 943 F.3d at 1269.

The Supreme Court in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978), held that municipalities and other local governmental units could be sued as "persons" under § 1983. The Ninth Circuit has squarely held that, depending on state law, a local law enforcement agency can be a separately suable entity. *See Streit v. Cty. of Los Angeles*, 236 F.3d 552, 565–67 (9th Cir. 2001); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621,

4

624 n.2 (9th Cir. 1988). The district court erred in holding otherwise without analysis of state law.

4. Finally, plaintiffs argue that the district court erred in granting summary judgment on their § 1983 claims on the ground that they had not sufficiently shown San Pablo could be liable under *Monell* for any constitutional violations its police officers may have committed. We review this question de novo. *Martinez*, 943 F.3d at 1269. Like the district court, we assume a reasonable jury could find constitutional violations (excessive force, unlawful entry, and false arrest).

A plaintiff may hold a municipality liable for constitutional violations if he or she proves that "a city employee committed the alleged constitutional violation pursuant to a formal governmental policy . . . ." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). A plaintiff must then show that "the circumstance was (1) the cause in fact and (2) the proximate cause of the constitutional deprivation." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). As the district court acknowledged, a policymaker's after-the-fact approval of a subordinate's conduct may be used as evidence that a municipality had a pre-existing policy that caused the alleged constitutional violations. *See, e.g.*, *Larez v. City of Los Angeles*, 946 F.2d 630, 647 (9th Cir. 1991).

5

The district court held that plaintiffs had argued Chief Rosales's after-the-fact "ratification" of the officers' actions was a "cause in fact" of their injuries, rather than evidence of pre-existing policy. We do not read plaintiffs' argument to the district court so narrowly. We read their argument to have been that Chief Rosales's ratification was evidence of San Pablo's pre-existing policy concerning use of canines, pursuant to which the officers acted.

Here, two pieces of evidence suggest the existence of such a policy. First, Chief Rosales, an official policymaker for SPPD, reviewed and approved of the officers' conduct. In a deposition, she testified that she reviewed "the reports," "the audio," "the incident history, the call history," and "the canine and use of force policy" before "sign[ing] off on the incident" because she "believe[d] that it was within policy and training." Second, San Pablo's own expert opined that both the officers' entry into the plaintiffs' home and their decision to deploy the police canine were "reasonable, lawful, . . . and consistent with . . . departmental policies and procedures." Accordingly, there is a triable issue of fact as to the existence of a municipal policy under *Monell* and San Pablo's liability under § 1983. We reverse the district court's grant of summary judgment.

We **AFFIRM** in part, **REVERSE** in part, and **REMAND** for proceedings consistent with this disposition. The parties shall bear their own costs.

6