**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>NATHANIEL BASOLA SOBAYO,<br>      Debtor. | BAP No. NC-20-1151-BSG |
| | Bk. No. 19-50887-SLJ |
| NATHANIEL BASOLA SOBAYO<br>      Appellant,<br>v.<br>HIEN THI NGUYEN; ROBERT K. LANE;<br>DANIEL BUTT; KHIEM NGUYEN;<br>AVALON NGUYEN GARDNER LIVING<br>TRUST; HONG JACQUELINE<br>GARDNER,<br>      Appellees. | Adv. No. 19-05044-SLJ<br><br>**MEMORANDUM**[1] |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Stephen L. Johnson, Bankruptcy Judge, Presiding

Before: BRAND, SPRAKER, and GAN, Bankruptcy Judges.

## INTRODUCTION

Nathaniel B. Sobayo appeals an order dismissing with prejudice his

adversary complaint against Hien Thi Nguyen ("Nguyen"), Khiem Nguyen,

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

1

and their attorney, Robert K. Lane (collectively, "Defendants").[2] Sobayo claimed that Defendants willfully violated the automatic stay with their foreclosure sales of real property purportedly co-owned by Sobayo and his solely-owned limited liability company, Kingsway Capital Partners, LLC ("Kingsway"). On Defendants' motion to dismiss, the bankruptcy court determined that there was no stay violation and therefore neither Sobayo nor Kingsway had a claim against Defendants. Sobayo also appeals a previous order setting aside a default entered against Defendants. Seeing no reversible error by the bankruptcy court with respect to either order, we AFFIRM.

**FACTS**

**A.    Events leading to the adversary complaint[3]**

In May 2017, Kingsway purchased a single-family home which it financed by borrowing $580,000 from Nguyen ("Residence"). The promissory note was secured by a deed of trust against the Residence in favor of Nguyen.

Once Kingsway ceased making payments to Nguyen in February 2018, Defendants started foreclosure proceedings. What followed was a series of state court litigation and bankruptcy filings by Kingsway and Sobayo in what could only be viewed as an attempt to enjoin the foreclosure sales.

Kingsway filed a chapter 11[4] case on October 31, 2018. It was dismissed on November 8, 2018, for lack of counsel. One week later, Kingsway

---

[2] Appellees Daniel Butt, Avalon Nguyen Gardner Living Trust, and Hong Jacqueline Gardner did not appear in this appeal.

[3] We exercised our discretion to take judicial notice of documents electronically filed in the bankruptcy court in this case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

transferred 95% of its interest in the Residence to Sobayo. This left Kingsway with a 5% interest in the Residence.

Sobayo then began filing his chapter 13 cases. The first was filed on December 5, 2018, and dismissed on February 4, 2019, for failure to file documents. The second was filed on April 30, 2019. The 30-day automatic stay in the second case was set to expire on May 30. After briefly extending the stay, the bankruptcy court terminated the stay in Sobayo's second case on June 25, 2019. The second case was ultimately dismissed in August 2019.

On May 1, 2019, Defendants foreclosed on Kingsway's 5% interest in the Residence. On July 3, 2019, Defendants foreclosed on Sobayo's 95% interest in the Residence.

## B.    The adversary complaint

### 1.    The default

Sobayo then filed the instant adversary complaint against Defendants. He alleged that Defendants violated the automatic stay in his second case with the May 1 foreclosure sale of Kingsway's 5% interest in the Residence.

When Defendants did not file an answer by the deadline, Sobayo obtained an entry of default. Just before Sobayo filed his motions for default judgment, Defendants moved to set aside the default on the ground that they did not receive service of the summons and complaint. Defendants argued

---

[4] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

that they first learned of the adversary complaint in a pleading Sobayo filed in state court months later. In response, Sobayo filed a 63-page document requesting a continuance to find an attorney, which Defendants' opposed.

A hearing on the motion to set aside the entry of default was set for March 24, 2020. However, with the court closure due to the COVID-19 pandemic and the bankruptcy court's belief that oral argument was unnecessary to decide the issue, on March 20, 2020, the court entered a written decision and order and vacated the hearing. The court granted Defendants' motion on three grounds. First, it questioned the veracity of Sobayo's certificate of service and found that Defendants may not have been served with the summons and complaint. The court further found that Defendants presented a meritorious defense. It appeared from the record that they did not violate the automatic stay with respect to Kingsway or Sobayo with the two foreclosure sales. Finally, the court found that Sobayo would suffer no prejudice if the default were set aside. Sobayo's motions for default judgment were denied as moot.

Sobayo appealed the order setting aside the entry of default to the BAP. The appeal was dismissed as interlocutory on May 26, 2020.

**2.    The motion to dismiss**

Defendants then moved to dismiss Sobayo's complaint under Civil Rule 12(b)(6) and Rule 7012, arguing that he failed to state a claim upon which relief could be granted. Although Sobayo's complaint appeared to address only the foreclosure of Kingsway's 5% interest in the Residence, Defendants

argued that neither foreclosure sale violated the automatic stay in either debtor's case. As argued by Defendants, the foreclosure of Kingsway's 5% interest in the Residence occurred on May 1, 2019, months after its chapter 11 case was dismissed. Further, Sobayo's individual bankruptcy filing on April 30, 2019, had no effect on Kingsway's 5% interest in the Residence, so the May 1 foreclosure sale did not violate the stay in Sobayo's case either. Finally, the foreclosure of Sobayo's 95% interest in the Residence on July 3, 2019, did not violate the stay in Sobayo's case because there was no stay in effect in his case after June 25, 2019.

Sobayo opposed the motion to dismiss and requested a continuance to find an attorney. His lengthy "cut and paste" brief offered little in defense of the motion, other than to say that Defendants violated the automatic stay.

The bankruptcy court entered a written decision and order granting Defendants' motion to dismiss, finding that, as a matter of law, the two foreclosure sales did not violate the automatic stay in either debtor's case. The court further found that granting Sobayo leave to amend would be futile. His complaint was dismissed with prejudice. This timely appeal followed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.[5]

---

[5] Defendants argue that Sobayo lacked standing to bring the adversary, and thus lacks standing to appeal, because it was Kingsway's interest that was foreclosed in the first sale, not Sobayo's. If the order addressed only Kingsway's interest we would agree. But the bankruptcy court also found that Defendants did not violate the automatic stay with the foreclosure of Sobayo's 95% interest. Thus, he is a "person aggrieved," at least in part, by

## ISSUES

1.    Did the bankruptcy court abuse its discretion in setting aside the entry of default?[6]

2.    Did the bankruptcy court err in dismissing Sobayo's complaint?

3.    Did the bankruptcy court abuse its discretion in dismissing Sobayo's complaint without leave to amend?

## STANDARDS OF REVIEW

We review for abuse of discretion the bankruptcy court's decision to set aside an entry of default. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

We review de novo the bankruptcy court's grant of a Civil Rule 12(b)(6) motion to dismiss. *Movsesian v. Victoria Versicherung AG*, 670 F.3d 1067, 1071 (9th Cir. 2012). In considering a motion to dismiss under Civil Rule 12(b)(6), all well-pleaded factual allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

We review the bankruptcy court's dismissal of a complaint without leave to amend and with prejudice for abuse of discretion. *Tracht Gut, LLC v. L.A. Cnty. Treasurer & Tax Collector (In re Tracht Gut, LLC)*, 836 F.3d 1146, 1150

---

the order. *See Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442-43 (9th Cir. 1983).

[6] Now that the bankruptcy court has entered a final order dismissing the complaint with prejudice, the interlocutory order setting aside the default is reviewable on appeal. *See Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000) (an appeal from a final judgment draws in question all earlier, non-final orders which led to the judgment), *overruled in part on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007).

(9th Cir. 2016) (citing *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012)). A bankruptcy court abuses its discretion if it applies the wrong legal standard, or misapplies the correct legal standard, or if it makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

## DISCUSSION

**A.** **The bankruptcy court did not abuse its discretion in setting aside the entry of default.**

The court may set aside an entry of default for good cause. Civil Rule 55(c); Rule 7055. Defaults are disfavored by the courts, since defaults are inconsistent with the court's preference for resolving disputes on the merits. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). The court's discretion is particularly broad where a party seeks to set aside an entry of default rather than a default judgment. *Mendoza*, 783 F.2d at 945.

A court should consider three factors when deciding whether to set aside a default: (1) whether the movant engaged in culpable conduct that led to the default; (2) whether the movant had no meritorious defense; and (3) whether setting aside the default would prejudice the non-moving party. *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091. The factors are disjunctive, and the court may deny relief if any one of the three is true. *Id.*

7

Sobayo's brief not only violates a number of appellate briefing rules, it is incomprehensible. However, he appears to argue that the bankruptcy court erred in finding that he may not have served Defendants with the summons and complaint. Defendants maintained that they were not served and that they did not learn of Sobayo's adversary action until he referenced it in a state court filing months later. Sobayo claimed he did serve Defendants through his process server, Mr. Christopher Franz Wuillemin. "If a defendant has received actual or constructive notice of the filing of the action and failed to answer, its conduct is culpable." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (cleaned up).

The bankruptcy court questioned Sobayo's purported service, and for good reason. Mr. Wuillemin's business address listed in the certificate of service was the same as Sobayo's home address. The court further observed that Mr. Wuillemin's email address in another pleading filed by Sobayo was nathaniel.sobayo@gmail.com. Given the record, the court's finding that Defendants may have not been served was not clearly erroneous. In addition, when Defendants did learn of Sobayo's complaint and the entry of default, they promptly filed the motion to set aside. This too cuts against any culpability.

Sobayo fails to address the bankruptcy court's other reasons for setting aside the default – meritorious defense and lack of prejudice to Sobayo. A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Haw.*

*Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (citation omitted). In their motion to set aside, Defendants offered strong prima facie evidence that they did not violate the automatic stay with the two foreclosure sales. And, as the court later found, they did not. There was also no prejudice to Sobayo. As the court correctly observed, setting aside the default meant only that Sobayo had to litigate his claims on the merits, which is what he signed up for when he filed his complaint. There was no evidence that setting aside the default would hinder Sobayo's ability to prosecute his case. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff*, 532 U.S. 141 (2001) (delay in resolution of the case is not enough to establish prejudice when setting aside a default; the standard is whether plaintiff's ability to pursue its claim will be hindered).

In sum, all of the "good cause" factors supported setting aside the entry of default. Accordingly, the bankruptcy court did not abuse its discretion in granting Defendants' motion. To the extent Sobayo contends that the court violated his due process rights by vacating the hearing set for March 24, 2020, and deciding the matter on the papers, we disagree. The courthouse was closed for in-person hearings during this time due to the COVID-19 pandemic. Further, Sobayo had the opportunity to present an objection in his papers. "[I]t is well settled that oral argument is not necessary to satisfy due process." *Toquero v. I.N.S.*, 956 F.2d 193, 196 n.4 (9th Cir. 1992) (citing cases). Given the circumstances, the bankruptcy court was well within its discretion to dispense with oral argument and vacate the hearing.

9

**B.     The bankruptcy court did not err in dismissing Sobayo's complaint.**

Under Civil Rule 12(b)(6), applicable here by Rule 7012, a complaint is subject to dismissal where it lacks a cognizable legal theory, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215 (2007). When ruling on a Civil Rule 12(b)(6) motion to dismiss, the court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting the motion into one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

The pleading of a pro se litigant is held to a less stringent standard than a pleading drafted by an attorney and is afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, a pro se litigant must be given leave to amend unless it is absolutely clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Sobayo argues that the bankruptcy court erred in granting the motion to dismiss because Defendants violated the automatic stay. Precisely, Sobayo argues that the Kingsway entity is his personal property, and thus any interest Kingsway held in the Residence was his interest as well. Hence, his argument goes, Defendants violated the automatic stay in his individual chapter 13 case filed on April 30, 2019, when they foreclosed on Kingsway's 5% interest in the Residence on May 1, 2019.

10

As the bankruptcy court explained, Sobayo has a fundamental misunderstanding as to the legal separation between him and his solely-owned LLC. Kingsway is (or was) a Delaware limited liability company. Under Delaware law, although a limited liability company interest is personal property, a member has no interest in specific property of the LLC. DEL. CODE ANN. TIT. 6, § 18-701. *See also Burtch v. Opus, L.L.C. (In re Opus East L.L.C.)*, 480 B.R. 561, 575 (Bankr. D. Del. 2012) (finding under § 18-701 that the chapter 7 trustee lacked standing to bring a cause of action for conversion of the LLC's property because the sole member of the LLC had no interest in the LLC's property). Thus, Sobayo, as a member of Kingsway, had no interest in Kingsway's 5% interest in the Residence, and Defendants' foreclosure of Kingsway's interest could not have violated the automatic stay in Sobayo's chapter 13 case. And, to be thorough, the later foreclosure of Sobayo's 95% interest in the Residence on July 3, 2019, did not violate the stay in Sobayo's case because it terminated on June 25, 2019.

Sobayo's claims were barred as a matter of law. Accordingly, the bankruptcy court did not err in granting Defendants' motion and dismissing the complaint.

**C.     The bankruptcy court did not abuse its discretion in dismissing Sobayo's complaint without leave to amend.**

"Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

11

cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (cleaned up); *see also Lucas*, 66 F.3d at 248.

Sobayo did not request an opportunity to amend his complaint. He does not contend that the bankruptcy court should have allowed him to amend his complaint nor does he suggest what amendment he would make had he been allowed to do so. However, given that his claims are barred as a matter of law, any deficiencies of his complaint could not be cured by amendment. *See Jones*, 549 U.S. at 215 (a complaint is subject to dismissal under Civil Rule 12(b)(6) where the allegations on their face are barred for some legal reason). Accordingly, the bankruptcy court did not abuse its discretion in dismissing Sobayo's complaint without leave to amend.[7]

## CONCLUSION

For the reasons stated above, we AFFIRM.

---

[7] In his final plea, Sobayo asks that we provide him justice by correcting all of the evils done to him by Defendants and others with respect to the Residence. This Panel is bound by the Code as well as other federal and state law. We cannot correct any of his perceived wrongs inconsistent with the law and the facts of the case.