**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>KIMBERLY DAWN FRANKLIN,<br>Debtor. | BAP No. SC-19-1149-GBS<br><br>Bk. No. 3:17-bk-00425 |
| KIMBERLY DAWN FRANKLIN,<br>Appellant,<br>v.<br>U.S. BANK TRUST, N.A., as Trustee for<br>LSF9 Master Participation Trust,<br>Appellee. | Adv. No. 3:17-ap-90177<br><br>**MEMORANDUM**\* |

Appeal from the United States Bankruptcy Court
for the Southern District of California
Laura S. Taylor, Bankruptcy Judge, Presiding

Before: GAN, BRAND, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Chapter 13¹ debtor Kimberly Franklin ("Debtor") appeals the

bankruptcy court's order granting the motion to dismiss Debtor's third

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

¹ Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, all "Civil Rule" references are to the Federal Rules of Civil

amended complaint under Civil Rule 12(b)(6), made applicable by Rule 7012(b), with prejudice. Debtor filed the complaint against U.S. Bank, N.A., as Trustee for LSF9 Master Participation Trust ("US Bank") seeking to disallow US Bank's proof of claim and obtain a judgment prohibiting it from enforcing its interest in Debtor's residence. She alleged that US Bank lacked standing to assert a claim because the promissory note was improperly endorsed. Debtor also alleged mortgage fraud under the Fraud Enforcement and Recovery Act of 2009 ("FERA") and intentional and negligent infliction of emotional harm.

Debtor failed to timely respond to US Bank's motion to dismiss, which is a sufficient basis for the court to grant the motion. We also perceive no error in the bankruptcy court's alternative ruling that the complaint failed to state a claim for relief. Accordingly, we AFFIRM.

## FACTS[2]

### A.    Prepetition Events

In June 2006, Debtor borrowed $690,000 from First Magnus Financial Corporation ("First Magnus") to refinance an existing mortgage on her residence ("Property"). Debtor executed a promissory note in favor of First Magnus and a deed of trust in favor of Mortgage Electronic Registration

Procedure, and all "LBR" references are to the Local Bankruptcy Rules for the Southern District of California.

[2] We exercise our discretion to take judicial notice of documents electronically filed in Debtor's adversary proceeding and main bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Systems Inc. ("MERS"), as nominee for First Magnus. First Magnus recorded the deed of trust in July 2006. The note and deed of trust provided that First Magnus could transfer its interests without prior notice to Debtor.

In 2011, MERS assigned the deed of trust to BAC Home Loans Servicing, L.P., fka Countrywide Home Loans Servicing, L.P. In 2014, Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, assigned the deed of trust to Christina Trust, a division of Wilmington Savings Fund Society, FSB. Christina Trust then assigned the deed to trust to Wilmington Trust, N.A. in 2015, and Wilmington Trust assigned it to U.S. Bank in 2016. Each of the assignments were recorded.

Pursuant to an allonge to the promissory note, the note was endorsed by First Magnus as payable to Residential Funding Corporation ("RFC"), which endorsed it as payable to Countrywide Home Loans, Inc. Countrywide Home Loans, Inc. endorsed the note as payable to Countrywide Bank, FSB, which in turn endorsed the note in blank.

In September 2016, US Bank recorded a notice of default and election to sell under the deed of trust which indicated that Debtor was in default by the amount of $416,959.03. In January 2017, US Bank's servicer recorded a notice of trustee's sale.

## B. The Bankruptcy Case And Adversary Complaints

Debtor filed her chapter 13 petition in January 2017. US Bank filed an amended proof of claim asserting a secured claim of $1,027,117.61 and a

prepetition arrearage of $437,301.83. It attached the note, the deed of trust and assignments, and Debtor's payment history.

Debtor did not provide for payment of the US Bank claim in her plan and instead stated that she anticipated filing an adversary complaint to challenge the validity of the claim. The plan provided that if Debtor was successful in the adversary, US Bank would not have an allowed claim, and if Debtor was unsuccessful, she would exclude the US Bank claim from the plan. The bankruptcy court confirmed the plan in September 2017.

In October 2017, Debtor filed an adversary complaint against US Bank alleging that it lacked standing to assert a claim based on various deficiencies in the endorsements and assignments of the note and deed of trust. US Bank filed a motion to dismiss the complaint, which the bankruptcy court granted with leave to amend.

Debtor filed a first amended complaint in March 2018 and again alleged that US Bank had no interest in either the promissory note or the deed of trust. She alleged that First Magnus went out of business prior to June 2011 and therefore, MERS lacked authority to assign the deed of trust. Debtor also alleged that RFC could not endorse the note because it was out of business prior to the date of the promissory note. She sought declaratory relief and additionally asserted a claim for presentation of false claims under 18 U.S.C. § 152.

US Bank filed a motion to dismiss the first amended complaint and a request for judicial notice of documents recorded in the San Diego

4

Recorders Office and with the California Secretary of State. US Bank asserted that it had standing to enforce the note under state law and because Debtor was not a party to the various assignments of the deed of trust, she lacked standing to challenge those assignments prior to foreclosure. Debtor opposed the motion to dismiss and objected to the request for judicial notice. US Bank filed a reply.

The bankruptcy court issued a tentative ruling which indicated that problems remained with the first amended complaint. The court noted that Debtor had retained new counsel and had acknowledged that the first amended complaint needed further amendment. The court requested further briefing from Debtor addressing *Bryer v. U.S. Bank National Ass'n*, No. 15-cv-00378-PSG, 2015 WL 9304054 (N.D. Cal. Dec. 22, 2015), a case cited by US Bank in its reply, and provided guidance that it would take judicial notice only that proffered documents were recorded, given that Debtor disputed the legal effect of those documents. The bankruptcy court continued the hearing on the motion to dismiss and ordered that if Debtor did not file either a responsive brief or an amended complaint by June 26, 2018, the motion to dismiss would be granted.

On June 27, 2018, Debtor filed a supplemental brief in support of her opposition to the motion to dismiss and attached a proposed second amended complaint. Debtor argued that she had standing to challenge the assignments of the deed of trust under *Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th 919 (2016). US Bank responded that Debtor did not file

the supplemental brief within the deadline set by the court, and she failed to address *Bryer*, which the court specifically ordered.

The bankruptcy court issued a tentative decision expressing its intent to grant the motion to dismiss but to allow Debtor "one more opportunity to file an amended complaint" consistent with the court's ruling. The tentative decision noted that Debtor appeared to continue to defend the first amended complaint but also appeared to argue that the court should rely on the proposed second amended complaint. The bankruptcy court also stated that under the reasoning of *Bryer*, MERS had authority to assign the deed of trust, and to the extent that Debtor's claims relied on an argument that the assignments were void, those claims would be dismissed with prejudice.

At the hearing, the bankruptcy court granted the motion to dismiss but deferred ruling on Debtor's eighth cause of action for presentation of false claims under 18 U.S.C. § 152 to permit the court to consider whether that claim should be dismissed with prejudice. On August 14, 2018, the bankruptcy court entered an order dismissing Debtor's cause of action for presentation of false claims with prejudice because Debtor failed to provide any authority or argument supporting her private right of action under 18 U.S.C. § 152. The court dismissed the remaining claims without prejudice but ordered any new complaint to be filed within three weeks of the court's order and be titled "Third Amended Complaint."

On August 31, 2018, Debtor filed a third amended complaint ("TAC"). She again alleged that US Bank lacked standing to enforce the note, but she no longer alleged that the assignments of the deed of trust were void. Debtor asserted that First Magnus and RFC were out of business at the time of their purported endorsements and further argued that the note was non-negotiable. She also included a cause of action for false presentation of claims under 18 U.S.C. § 152.[3]

On September 6, 2018, Debtor filed a different third amended complaint which omitted the cause of action for presentation of false claims. The new complaint asserted four causes of action: (1) lack of standing to enforce the note pursuant to § 502; (2) declaratory relief that US Bank has no interest in the Property; (3) "manufactured claims/financial institutional mortgage fraud for profit" under the Fraud Enforcement and Recovery Act of 2009 ("FERA"); and (4) "intentional and/or negligent infliction of emotional harm." The third and fourth causes of action were new.

## C.     The Motion To Dismiss And The Court's Ruling

On September 14, 2018, US Bank filed a motion to dismiss the TAC. It also filed a motion to strike the third and fourth causes of action because Debtor amended her complaint without a stipulation from US Bank or a

---

[3] The first TAC asserted four causes of action: (1) lack of standing to enforce the note pursuant to § 502; (2) declaratory relief that US Bank has no interest in the Property; (3) presentation of false claims under 18 U.S.C. § 152; and (4) actual fraud.

7

court order granting leave to amend. US Bank again filed a request for judicial notice of the promissory note, the deed of trust, and various recorded assignments and documents. It served Debtor with a notice of hearing and motion on local Form CSD 3015, which stated that "any opposition or other response to this motion" must be filed and served "not later than fourteen (14) days from the date of service." Debtor filed her oppositions to the motion to dismiss and the motion to strike on October 29, 2018.

At the November 6, 2019 hearing, the bankruptcy court stated that it would not consider Debtor's oppositions to the motions because they were filed over 30 days late and the delay was not due to Debtor's excusable neglect. However, the court said that it would hear Debtor's substantive arguments and decide the issues on both bases.

Debtor acknowledged that US Bank was in possession of the promissory note but argued that it was not enforceable because the note was non-negotiable, and the endorsements were invalid. The bankruptcy court reasoned that if the note was negotiable, US Bank could enforce it because it had possession and the note was endorsed in blank. And, if the note was non-negotiable, it could still be transferred under Division 9 of the California Commercial Code.

The court held that Debtor did not dispute the assignments of the deed of trust, which under California law, were sufficient to justify US Bank's right to foreclose. It also stated that Debtor could not allege any

damages because she lived in the Property for approximately ten years without paying the debt and she could not plausibly assert a risk of double recovery because under California law, a nonjudicial foreclosure would eliminate any deficiency.

The bankruptcy court determined that Debtor amended the TAC without leave to bring additional causes of action and therefore the third and fourth causes of action would be struck. The bankruptcy court also dismissed the third cause of action because Debtor not only failed to allege what provisions of FERA US Bank allegedly violated, but also failed to provide any authority for the proposition that she had a private right of action to assert a violation of a criminal statute. And the court dismissed the fourth cause of action for the reasons stated in the tentative decision on the motion to strike.

The bankruptcy court dismissed the TAC with prejudice because despite having several attempts to amend the complaint, Debtor continued to base her claims on allegations that the note was not validly endorsed, without addressing the possibility that it could be transferred under Cal. Com. Code § 9110(a)(3). The court entered a judgment dismissing the adversary proceeding on January 23, 2018.

On February 1, 2019, Debtor filed a motion for reconsideration and argued that the court erred by treating the motion to dismiss as unopposed. She asserted that the court converted the motion to dismiss

into a motion for summary judgment without fairly apprising her that it would consider the evidentiary effect of the promissory note.

The bankruptcy court denied the motion for reconsideration. It held that Debtor's late filed opposition justified dismissal because it was not late due to excusable neglect, but furthermore, even considering Debtor's opposition, dismissal was appropriate. Finally, the bankruptcy court stated that it did not convert the motion to dismiss into a motion for summary judgment and did not consider matters outside of the pleadings. The documents offered in support of the motion to dismiss were the types of materials which the court could consider because they were referred to in the TAC and were attached as exhibits to the original complaint. Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(O). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err by dismissing Debtor's third amended complaint with prejudice?

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's grant of a Civil Rule 12(b)(6) motion to dismiss. *Movsesian v. Victoria Versicherung AG*, 670 F.3d 1067, 1071 (9th Cir. 2012). Under de novo review, we look at the matter

anew, giving no deference to the bankruptcy court's determinations. *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

We review the bankruptcy court's decision to dismiss a complaint with prejudice for abuse of discretion. *Tracht Gut, LLC v. L.A. Cnty. Treasurer & Tax Collector (In re Tracht Gut, LLC)*, 836 F.3d 1146, 1150 (9th Cir. 2016). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

Debtor argues that Civil Rule 12(d) required the bankruptcy court to treat the motion to dismiss as a motion for summary judgment under Civil Rule 56(a), made applicable by Rule 7056. As a result, she argues that the court was required to give her reasonable time to respond and therefore, her opposition was timely, and the court erred by dismissing the complaint as unopposed. Debtor further argues that the bankruptcy court made multiple errors of law in applying the standards for a Civil Rule 12(b)(6) motion. We disagree.

## A. The Bankruptcy Court Properly Considered The Motion To Dismiss Under Civil Rule 12(b)(6).

Civil Rule 12(b)(6) provides for dismissal if the plaintiff fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss, the court generally may not consider any

materials beyond the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Gailbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). Pursuant to Civil Rule 12(d), a court must treat a motion to dismiss under Civil Rule 12(b)(6) as one for summary judgment under Civil Rule 56(a) if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d).

The court may consider material submitted as part of the complaint and matters that are properly the subject of judicial notice without treating the motion as one for summary judgment. *Tellabs, Inc., v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-1000 (9th Cir. 2018). However, "a court cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999.

Here, the bankruptcy court properly treated the motion as a motion to dismiss. The court took judicial notice of the undisputed chain of assignments of the deed of trust and did not consider the legal effect of the First Magnus and RFC endorsements which were disputed by Debtor. The bankruptcy court applied the correct standard under Civil Rule 12(b)(6) and was not required to treat the motion to dismiss as a motion for summary judgment.

Because the motion was one under Civil Rule 12(b)(6) and not a motion for summary judgment, Debtor's opposition was untimely. Under

12

LBR 9013-7 the bankruptcy court could consider Debtor's failure to oppose the motion as consent to granting it.[4] The court had discretion to vacate the pending hearing and enter an order granting the motion under LBR 9013-7, but it was not required to do so.

We perceive no error in the court's decision to conduct the hearing and consider Debtor's arguments despite her failure to timely oppose the motion. Debtor has not shown any error by the court in dismissing the complaint based on Debtor's failure to timely oppose the motion to dismiss and we would affirm on that basis alone. But we find no error in the court's alternative basis for dismissal as well.

## B. The Bankruptcy Court Did Not Err By Dismissing The Complaint With Prejudice.

To avoid dismissal under Civil Rule 12(b)(6), a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Dismissal is appropriate if the complaint lacks a cognizable legal theory, or it if lacks sufficient factual allegations under a cognizable legal theory. *Johnson v. Riverside*

---

[4] LBR 9013-7(b)(2) provides:
Failure to File Opposition. The Court may treat a failure to timely file opposition to a motion or application by any party in interest, including the U.S. Trustee and the chapter 13 trustee, as the non-objecting party's consent to the granting of the motion and waiver of oral argument. The Court, as a result, may vacate any then pending hearing and promptly enter an order granting the requested relief.

*Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). Debtor's TAC lacks a cognizable legal theory.

The primary contention in the TAC is that US Bank lacks standing to enforce the note or deed of trust because the endorsements by First Magnus and RFC are invalid.

As we explained in *Veal v. American Home Mortgage Servicing, Inc. (In re Veal)*, 450 B.R. 897, 902 (9th Cir. BAP 2011), a "person entitled to enforce the note," as defined in U.C.C. § 3-301, has standing to file a proof of claim in a bankruptcy case. California's version of this U.C.C. provision is Cal. Com. Code. § 3301, which provides that "the holder of the instrument" is a person entitled to enforce it. A party in possession of a note endorsed in blank is a "holder of the instrument." Cal. Com. Code §§ 1201(b)(21); 3205(b); *Zulueta v. Bronitsky (In re Zulueta)*, No. NC-10-1459-HPaJu, 2011 WL 4485621, at *6 (9th Cir. BAP Aug. 23, 2011), *aff'd*, 520 F. App'x. 558 (9th Cir. 2013) ("A party in physical possession of an endorsed-in-blank note qualifies as a holder of a note under [California law]."). "A person may be entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." Cal. Com. Code § 3301.

Debtor does not dispute that she borrowed the funds, executed the promissory note, or defaulted under the terms of the note and deed of trust. She also does not dispute that US Bank is in possession of the note, endorsed in blank. US Bank is therefore a "person entitled to enforce the

14

note" under California law, and Debtor is obliged to pay US Bank according to the terms of the note. Cal. Com. Code § 3412.

Debtor alleges that the endorsements by First Magnus and RFC are invalid and therefore one of those parties retains the beneficial interest in the note. If true, these allegations may support a claim to the note or its proceeds by First Magnus or RFC under Cal. Com. Code § 3306. But they do not support a claim for relief by Debtor because such claims cannot be asserted by the obligor of the note. Cal. Com. Code § 3305(c) ("the obligor may not assert against the person entitled to enforce the instrument, a defense, claim in recoupment, or claim to the instrument (Section 3306) of another person . . .").[5]

Although Debtor made an alternative argument that the note was non-negotiable, she made no allegation that it was not properly transferred by means other than endorsement, despite having multiple attempts to amend the complaint. *See* Cal. Com. Code §§ 3203; § 9109(a)(3) (authorizing transfers of the right to enforce a note and providing that Article 9 governs sales of promissory notes); *see also* Cal. Civ. Code § 1459 ("A non-negotiable written contract for the payment of money or personal property may be

---

[5] Cal. Com. Code § 3305(c) permits an obligor to assert another person's claim to the instrument only if the other person is joined in the action and personally asserts the claim against the person entitled to enforce the note. In such circumstances, an obligor may be relieved of its obligation to pay the holder if it is not a holder in due course and the obligor proves that the instrument was lost or stolen. Debtor did not join First Magnus or RFC, and those parties have not asserted claims against US Bank. Debtor also has not alleged the note was lost or stolen.

transferred by indorsement, in like manner with negotiable instruments."). Debtor's allegations are insufficient to state a claim for relief, and the bankruptcy court did not err by dismissing the first cause of action with prejudice.

Debtor's second claim for declaratory relief that US Bank has no interest in the property also fails as a matter of law. Debtor focused on the alleged invalid endorsements but did not dispute the validity of the recorded deed of trust assignments. Not only did Debtor fail to state a claim that US Bank lacks standing to enforce the note, under California law, a party holding the beneficial interest in a deed of trust can initiate nonjudicial foreclosure proceedings even without possessing or holding a beneficial interest in the note. *Debrunner v. Deutsche Bank Nat'l Tr. Co.*, 204 Cal. App. 4th 433, 441 (2012).

Debtor asserts that the bankruptcy court erred by dismissing the third and fourth causes of action, but she provides no argument that the court erred by striking those causes of action. Accordingly, she has waived the issue. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").[6] Moreover, we perceive no error in the court's decision to grant the motion to strike.

---

[6] Similarly, Debtor makes no argument that the dismissal should not have been with prejudice or that the court erred by denying the motion for reconsideration and has thus waived these issues as well. *See Smith*, 194 F.3d at 1052.

Because the court properly struck the third and fourth causes of action from the TAC, we need not consider whether dismissal was also appropriate. However, Debtor has not demonstrated any error by the court in dismissing the third and fourth causes of action because US Bank has an enforceable interest in the deed of trust.[7]

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's order granting the motion to dismiss with prejudice.

---

[7] Debtor also fails to explain how she has a private right of action under FERA and instead argues that the FERA claim is essentially one for common law fraud. But Debtor cannot state a claim for relief for fraud or emotional harm because as the bankruptcy court concluded, US Bank has a right to foreclose, California law limits deficiency actions, and the default was caused by her failure to make payments under the note, not by any deficiency in the endorsements.